# EXHIBIT "1"

Electronically Filed
06/23/2011 09:57:34 AM

1  **ACOM**
   MARK J. BOURASSA, ESQ.
2  Nevada Bar No. 7999
   mbourassa@bourassalawgroup.com
3  CHRISTOPHER W. CARSON, ESQ.
   Nevada Bar No. 9523
4  ccarson@bourassalawgroup.com
   **The Bourassa Law Group, LLC**
5  3025 West Sahara Ave., Suite 105
   Las Vegas, Nevada 89102
6  Tel: (702) 851-2180
   Fax: (702) 851-2189
7
8  *Attorneys for Plaintiffs*

**CLERK OF THE COURT**

## EIGHTH JUDICIAL DISTRICT COURT

9  ## CLARK COUNTY, NEVADA

10 RONALD L. WEISS, ALVIN DEMPSEY,
   KRISTI DEMPSEY, ROBERT JACOBSON,
11 PRISCILLA JACOBSON, ROBERT HALE,
   HENRI HALE, JAMES MCCARTHY,
12 GLORIA MCCARTHY, WILLIAM &
   MARGARET BOTTS FAMILY TRUST,
13 RICHARD WUBBEL, BURNADETTE
   WUBBEL, SCHNEIDER FAMILY TRUST,
14 LAMONTE MCLEMORE, DENNIS
   OBREGON TRUST, KEVIN C. LUSH,
15 TAMI DAYMUDE-LUSH, KENNETH
   HERMAN, ROBERT GAMBIT, GLORIA
16 GAMBIT, YOSHIMOTO FAMILY TRUST,
17 BOYLE 1985 LIVING TRUST AMGT,
   JOHN GUNDERSON, KAREN
18 GUNDERSON, PAYNE FAMILY TRUST,
19 BALJIT DEOL, JASKIRAN DEOL,
   RICHARD ERLICH, SUZY ERLICH,
20 MICHELLE AND GEORGE ANSCOMB
   TRUST, MARY AUGUST TRUST, LARRY
21 J. ODLE TRUST, DAVID WARD
   RICHDALE TRUST, BARBARA ALLEN,
22 KATHLEEN GILLESPIE, NINA
   HARTWELL TRUST, LAURA
23 MACAULAY, MARIE SUE MACAULAY,
24 LAURA ANN MACAULAY, FORD
   FAMILY TRUST, and GREGORY M. &
25 MARY E. MATIYA REVOCABLE TRUST,
26 individually and/or in their individual
   capacities and as class representatives on
27 behalf of similarly situated homeowners
28 within the Anthem Country Club

CASE NO.: A605863

DEPT. NO.: XVI

**PLAINTIFFS' AMENDED
COMPLAINT**

**Arbitration Exempt**

**\*Damages in excess of $50,000.00.**

- 1 -

1  Development

2          Plaintiffs;

3      vs.

4  DEL WEBB COMMUNITIES INC, an
   Arizona corporation; P N II, INC, a Nevada
5  corporation; TERRAVITA HOME
   CONSTRUCTION COMPANY, an Arizona
6  corporation; and DOES 1 through 100 and
   ROES 1 through 100 inclusive,
7

8          Defendants.

9

10         COMES NOW, PLAINTIFFS RONALD L. WEISS individually (hereinafter, "WEISS"),

11  and RONALD L. WEISS, ALVIN DEMPSEY, KRISTI DEMPSEY, ROBERT JACOBSON,

12  PRISCILLA JACOBSON, ROBERT HALE, HENRI HALE, JAMES MCCARTHY, GLORIA

13  MCCARTHY, WILLIAM & MARGARET BOTTS FAMILY TRUST, RICHARD WUBBEL,

14  BURNADETTE WUBBEL, SCHNEIDER FAMILY TRUST, LAMONTE MCLEMORE,

15  DENNIS OBREGON TRUST, KEVIN C. LUSH, TAMI DAYMUDE-LUSH, KENNETH

16  HERMAN, ROBERT GAMBIT, GLORIA GAMBIT, YOSHIMOTO FAMILY TRUST, BOYLE

17  1985 LIVING TRUST AMGT, JOHN GUNDERSON, KAREN GUNDERSON, PAYNE

18  FAMILY TRUST, BALJIT DEOL, JASKIRAN DEOL, RICHARD ERLICH, SUZY ERLICH,

19  MICHELLE AND GEORGE ANSCOMB TRUST, MARY AUGUST TRUST, LARRY J.

20  ODLE TRUST, DAVID WARD RICHDALE TRUST, BARBARA ALLEN, KATHLEEN

21  GILLESPIE, NINA HARTWELL TRUST, LAURA MACAULAY, MARIE SUE MACAULAY,

22  LAURA ANN MACAULAY, FORD FAMILY TRUST, and GREGORY M. & MARY E.

23  MATIYA REVOCABLE TRUST, individually and/or in their individual capacities and as class

24  representatives on behalf of similarly situated homeowners within the Anthem Country Club

25  Development (WEISS and the similarly situated Anthem Country Club Owners are hereinafter

26  collectively referred to as "CLASS PLAINTIFFS"), by and through their attorneys the law offices

27  of The Bourassa Law Group, LLC, and hereby complains, alleges and states as follows:

28                                              - 2 -

## CLASS ALLEGATIONS

1.    RONALD L. WEISS, ALVIN DEMPSEY, KRISTI DEMPSEY, ROBERT JACOBSON, PRISCILLA JACOBSON, ROBERT HALE, HENRI HALE, JAMES MCCARTHY, GLORIA MCCARTHY, WILLIAM & MARGARET BOTTS FAMILY TRUST, RICHARD WUBBEL, BURNADETTE WUBBEL, SCHNEIDER FAMILY TRUST, LAMONTE MCLEMORE, DENNIS OBREGON TRUST, KEVIN C. LUSH, TAMI DAYMUDE-LUSH, KENNETH HERMAN, ROBERT GAMBIT, GLORIA GAMBIT, YOSHIMOTO FAMILY TRUST, BOYLE 1985 LIVING TRUST AMGT, JOHN GUNDERSON, KAREN GUNDERSON, PAYNE FAMILY TRUST, BALJIT DEOL, JASKIRAN DEOL, RICHARD ERLICH, SUZY ERLICH, MICHELLE AND GEORGE ANSCOMB TRUST, MARY AUGUST TRUST, LARRY J. ODLE TRUST, DAVID WARD RICHDALE TRUST, BARBARA ALLEN, KATHLEEN GILLESPIE, NINA HARTWELL TRUST, LAURA MACAULAY, MARIE SUE MACAULAY, LAURA ANN MACAULAY, FORD FAMILY TRUST, and GREGORY M. & MARY E. MATIYA REVOCABLE TRUST are all individuals and/or entities that own homes within the in the master development called Anthem Country Club (hereinafter referred to as "ANTHEM COUNTRY CLUB MASTER DEVELOPMENT") at the following addresses:

| Claimant Name | Address | Model | Model # |
|---|---|---|---|
| Ronald Weiss | 7 Anthem Creek Trail | Cantata | 16403 |
| Alvin & Kristi Dempsey | 8 Chatmoss Road | Allegretto | 16103 |
| Robert & Priscilla Jacobson | 108 Emerald Dunes | Allegretto | 16103 |
| Robert & Henri Hale | 18 Desert Highlands Dr. | Sonata | 16301 |
| James and Gloria McCarthy | 4 Ibis Court | Sonata | 16301 |
| William & Margaret Botts Family Trust | 37 Desert Highlands Dr. | Sonata | 16301 |
| Richard and Burnadette Wubbel | 39 Desert Highlands Dr. | Sonata | 16301 |
| Schneider Family Trust | 8 Brandermill | Sonata | 16301 |
| Lemonte H. McLemore | 15 Clear Crossing Trail | Sonata | 16301 |
| Dennis Obregon Trust | 24 Wade Hampton Trail | Sonata | 16301 |
| Kevin & Tammi Lush | 23 Wade Hampton Trail | Sonata | 16301 |
| Kenneth Herman | 12 Anthem Creek | Aria | 16404 |

| | | | |
|---|---|---|---|
| Robert & Gloria Gambit | 1 Knob Oak Drive | Aria | 16404 |
| Yoshimoto Family Trust | 53 Desert Highlands Drive | Overture | 16303 |
| Boyle 1985 Living Trust AMGT | 59 Desert Highlands Dr. | Overture | 16303 |
| John & Karen Gunderson | 30 Moraine Drive | Fantasia | 16204 |
| Payne Family Trust | 11 Brandermill Drive | Fantasia | 16204 |
| Baljit & Jaskiran Deol | 12 Moraine Dr. | Fantasia | 16204 |
| Richard and Suzy Erlich | 29 Moraine Drive | Rhapsody | 16203 |
| George & Michelle Anscomb | 4 Regent park Ct. | Bel Canto | 16401 |
| Mary August Trust | 4 Moraine Dr | Tocatta | 16202 |
| Larry J. Odle Trust | 32 Dry Brook Trail | Cantata | 16403 |
| David Ward Richdale Trust | 69 Fountainhead Circle | Pastorale | 16201 |
| Kathleen Gillespie & Barbara Allen | 18 Starbrook | Cantata | 16403 |
| Nina Hartwell | 9 Brandermill Drive | Fantasia | 16204 |
| Laura Macaulay | 28 Fountainhead Circle | Andante | 16102 |
| Marie Sue & Laura Ann Macaulay | 68 Fountainhead Circle | Tocatta | 16202 |
| Ford Family Trust | 115 Fountainhead Circle | Rhapsody | 16203 |
| Gregory M. & Mary E. Matiya Revocable Trust | 16 Starbrook Dr. | Cantata | 16403 |

2.     The CLASS PLAINTIFFS are and were at all times relevant hereto the owner single-family homes located in the master development called Anthem Country Club (hereinafter referred to as "ANTHEM COUNTRY CLUB MASTER DEVELOPMENT") and the design, construction, materials and workmanship of the WEISS RESIDENCE is substantially similar to all other residences at ANTHEM COUNTRY CLUB MASTER DEVELOPMENT.

3.     A class action is alleged pursuant to Nevada Rules of Civil Procedure Rule 23. The class consists of all individuals who hold an ownership interest in one or more single family homes at the ANTHEM COUNTRY CLUB MASTER DEVELOPMENT in Clark County, Nevada (hereinafter "CLASS PLAINTIFFS' RESIDENCES").

a.     CLASS PLAINTIFFS allege that the class, consisting of the owners of at least fifteen different model type homes built in ANTHEM COUNTRY CLUB MASTER DEVELOPMENT, is defined as the owners of homes designed by the structural engineering firm Bingham Engineering, Inc. for Defendants DEL WEBB COMMUNITIES INC. and TERRAVITA HOME CONSTRUCTION

- 4 -

COMPANY (and its successor in interest Defendant PN II, Inc.) without the seismic structural design required by the 1994 and/or 1997 Uniform Building Code and sold to CLASS PLAINTIFFS and other similarly situated owners within the ANTHEM COUNTRY CLUB MASTER DEVELOPMENT as listed below:

| PLAN TYPE | PLAN NAME | CLASS REPRESENTATIVE CLIENT(S) |
|---|---|---|
| 16101 | Adagio | N/A |
| 16102 | Andante | (1) L. Macaulay |
| 16103 | Allegretto | (2) Dempsey & Jacobson |
| 16104 | Allegro | N/A |
| 16105 | Vivace | N/A |
| 16201 | Pastorale | (1) Richdale Trust |
| 16202 | Toccata | (2) August Trust & M&L Macaulay |
| 16203 | Rhapsody | (2) Erlich & Ford Trust |
| 16204 | Fantasia | (4) Gunderson, Payne Trust, Hartwell Trust & Deol |
| 16301 | Sonata | (8) Hale, McCarthy, Botts Trust, Wubbel, Schneider Trust, McLemore, Obregon Trust, & Lush |
| 16303 | Overture | (2) Yoshimoto Trust & Boyle Trust |
| 16304 | Cadenza | N/A |
| 16401 | Bel Canto | (1) Anscomb |
| 16403 | Cantata | (4) Weiss, Odle Trust, Gillespie/Allen & Matiya Trust |
| 16404 | Aria | (2) Herman & Gambit |

**NRCP 23(a) Criteria**

b. **Numerosity**- The number of homes built pursuant to the fifteen different plans listed above is thought to number between 500 and 900 homes. The total number of homes built in the ANTHEM COUNTRY CLUB MASTER DEVELOPMENT exceeds 1500; however, all homes built after Defendant PN II, Inc. purchased Defendants DEL WEBB COMMUNITIES INC. and TERRAVITA HOME CONSTRUCTION COMPANY (approximately from 2004 to completion of the project) were built under updated plans prepared by Borm Engineering. At this time it appears that the Borm-designed homes contain the code-required seismic stiffening and design and are therefore not

the subject of this Complaint. This leaves between 500 and 900 homes that have the design defect. As such, the total number of homes number of homes are so numerous that joinder of all homeowners individually would be impractical and that disposition of their claims in a representative suit is appropriate and is in the best interests of judicial economy.

c. **Commonality**- CLASS PLAINTIFFS have a well defined community of interest or questions of fact and law common to each member of the class. For each of the fifteen individual models outlined above, the defect and its proposed repair are exactly the same since the constructional defect is the total omission of the seismic design required by the Uniform Building Code. The design flaw is inherent in each of the plans reviewed and approved by the City of Henderson Building Department. This is outlined in the original and supplemental report prepared by Josephson Werdowatz & Associates attached hereto as EXHIBIT "1." Since the repair for every Cantata, Sonata, Rhapsody, etc. model will be the same or substantially similar the questions of law and fact are the same for each sub-class of individual models built according to the deficient plans.

d. **Typicality**- CLASS PLAINTIFFS allege that the relief sought herein is typical of the relief which could be sought by each of the class members individually. As outlined in EXHIBIT "1" the original and supplemental report prepared by Josephson Werdowatz & Associates that indicates that the "defective locations will be identical for each home built from the same design drawings." The defects alleged by CLASS PLAINTIFFS are based on the fundamental flaw and omission in the preparation of the approved building plans for each of the affected homes. If the plans themselves are deficient and flawed, every home built according to the deficient plans will share the same flaws and defects. The claim of each and every CLASS PLAINTIFF will be similar and typical to the claims of all of the homes built according to each deficient plan. As such,

- 6 -

the relief sought by each CLASS PLAINTIFF will be similar for every home that shares that CLASS PLAINTIFF'S floor plan. All claims and causes of action are based on the same facts and legal theories

e. **Adequacy-** CLASS PLAINTIFFS generally, will fairly and adequately represent the class members' interests as CLASS PLAINITFFS contain 29 homeowners spread over the 15 deficient model types. These CLASS PLAINTIFFS and their various homes will via discovery and investigation, conclusively establish that the defective design in the plans used to build the defective homes make the defective conditions similar throughout the affected homes so CLASS PLAINTIFFS representation in this matter is adequate under Nevada law. Finally, CLASS PLAINITFFS have retained counsel experienced in handling class actions and construction defect claims such that the adequacy requirements of NRCP 23(a) are met.

**NRCP 23(b) Criteria**

a. **Predominance-** The case law on the predominance requirement establishes that "[t]he questions of law or fact at issue in this analysis are those that qualify each class member's case as a genuine controversy; therefore, the questions that class members have in common must be significant to the substantive legal analysis of the members' claims." *Schutte v. Beazer Home Holding Corp.* 124 P.3d 530, 540 (Nev. 2005) *citing Amchem Products, Inc. v. Windsor*, 521 U.S. at 623. Here, there is only one claim at bar, the Defendants' omission of the code-required seismic stiffening designed to prevent or minimize damage during an earth movement event. Since the claims at bar stems from a fatal flaw in the design of the plans that were approved and used to build every subsequent model in Anthem Country Club, the predominance requirement as set forth in Schutte is absolutely met. All CLASS PLAINTIFFS must do is examine the as-built conditions of several homes to determine if the homes were built according to the approved plans. If they were, the defect exists and

- 7 -

must be addressed per the repair protocol outlined by Josephson Werdowatz & Associates in their supplemental report and repair recommendations. The seismic design omission issue is the basis for all the claims set forth in the proposed amended complaint. As such, there can be no doubt that the claims of the class predominate over the individual claims, if any, that exist for each of class representatives and owners in the Anthem Country Club Subdivision.

b. **Superiority-** The claims of CLASS PLAINITFFS in this class action Complaint will prevent the potential filing of between 500 and 900 individual joinder claims related to the seismic omission issue for the homes in ANTHEM COUNTRY CLUB MASTER DEVELOPMENT. The 29 CLASS PLAINTIFFS will act in a fiduciary capacity on behalf of hundreds of individual homeowners. This will allow CLASS PLAINTIFFS to attempt to effectuate a uniform and coordinated repair protocol for each home as outlined in EXHIBIT "1" which is similar to the repair protocol prepared in the Kitec litigation. Certification of this matter as a class action will also prevent "identical issues from being litigated over and over, thus avoiding duplicative proceedings and inconsistent results." *Id.* at 540-41 (internal citations omitted). If this matter is not certified as a class Defendants may be open to between an estimated 500 and 900 individual lawsuits all pertaining to the same design omission in the plans prepared by Bingham for Del Webb and/or Terravita and approved by the City of Henderson.

## GENERAL ALLEGATIONS

4. WEISS is and was at all times mentioned herein an individual residing in Clark County Nevada.

5. CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege that Defendant DEL WEBB COMMUNITIES, INC (hereinafter, "DEL WEBB") is, and at all relevant times mentioned herein, was and is an Arizona Corporation doing business in Clark County Nevada.

- 8 -

6.  CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege that Defendant P N II, INC (hereinafter, "P N II, INC") is, and at all relevant times mentioned herein, was and is a Nevada Corporation doing business in Clark County Nevada.

7.  CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege that Defendant TERRAVITA HOME CONSTRUCTION COMPANY (hereinafter, "TERRAVITA") is, and at all relevant times mentioned herein, was and is an Arizona Corporation doing business in Clark County Nevada.

8.  At all times relevant herein, DOES 1 through 100, and ROE corporations and organizations 1 through 100, in their true capacities, whether individual, corporate, associate or otherwise of the DEFENDANTS named herein are unknown to CLASS PLAINTIFFS who, therefore sues said DEFENDANTS by said fictitious names. DEL WEBB P N II, INC and TERRAVITA, DOES 1 through 100, and ROE corporations and organizations 1 through 100, will be collectively referred to as "DEFENDANTS."

9.  CLASS PLAINTIFFS including WEISS individually, are informed and believe and thereupon allege that the DEFENDANTS are responsible in some manner for the events and happenings referred to herein, and caused damages proximately to CLASS PLAINTIFFS as herein alleged, and CLASS PLAINTIFFS will ask leave of this court to amend this Complaint to insert the true names and capacities of DOES 1 through 100 and ROE corporations and organizations 1 through 100, when the same have been ascertained and to join such DEFENDANTS in this action.

10. On or about February 19, 2009, WEISS notified DEFENDANTS of construction deficiencies at the WEISS RESIDENCE pursuant to NRS § 40.600 et seq.

11. On or about December 8, 2010 WEISS individually, and on behalf of all similarly situated homeowners within the ANTHEM COUNTRY CLUB MASTER DEVELOPMENT, placed DEFENDANTS on notice pursuant of NRS§40.645(4) for common constructional defects within the CLASS PLAINTIFFS' RESIDENCES. A copy of the Notice and the referenced expert report attached thereto is attached hereto

- 9 -

as EXHIBIT "1."

12. To date, DEFENDANTS have not resolved WEISS' individual home claims as set forth in WEISS' individual notice dated February 19, 2009 as required by NRS § 40.6472.

13. On or about January 13, 2011 and March 7, 2011 DEFENDANTS responded to CLASS PLAINTIFFS NRS§ 40.645(4) common constructional defect notice by objecting to the content of the notice and stating that CLASS PLAINTIFFS, including WEISS, could not "split" their claims under Nevada law. Copies of these letters are attached hereto as EXHIBIT "2."

14. Defendants' Letters (EXHIBIT "2") constitute an election not to repair the defective conditions in CLASS PLAINTIFFS' (including WEISS) homes pursuant to NRS§ 40.6472.

15. To date, the DEFENDANTS, and each of them, have failed and continue to fail to perform any repairs for the defective conditions alleged at the WEISS RESIDENCE individually, and in CLASS PLAINTIFFS' RESIDENCES in general.

16. CLASS PLAINTIFFS, including WEISS, individually, are informed and believe and thereupon allege that at all times relevant herein, DEFENDANTS and each of them, were the agents, servants, employees and/or representatives of each other in doing the things alleged herein and in doing so were acting within the scope of their respective agency.

17. CLASS PLAINTIFFS, including WEISS, individually, are informed and believe and thereupon allege the DEFENDANTS, and each of them, undertook certain works of improvement upon the CLASS PLAINTIFFS' RESIDENCES, including all works of development, design and construction of the SUBJECT PROPERTY for the benefit of CLASS PLAINTIFFS including WEISS, individually.

18. CLASS PLAINTIFFS, including WEISS, individually, are informed and believe and thereupon allege DEFENDANTS, and each of them, were merchants and sellers with respect to the CLASS PLAINTIFFS' RESIDENCES and components which are

- 10 -

1    subject of this action as described herein.

2    19.    After work at the CLASS PLAINTIFFS' RESIDENCES, including WEISS' residence

3    individually, was performed, CLASS PLAINTIFFS became informed, believe and

4    thereon allege, that the homes in ANTHEM COUNTRY CLUB MASTER

5    DEVELOPMENT, including the WEISS RESIDENCE, and components, in particular,

6    are not of merchantable quality, but, in fact, are defective and fail to meet various

7    applicable building codes and industry standards and has caused damage to CLASS

8    PLAINTIFFS' homes, including WEISS' residence.  The damages known to CLASS

9    PLAINTIFFS at this time are progressive and continue to worsen.

10    20.    CLASS PLAINTIFFS, including WEISS, individually, are informed and believe and

11    thereupon allege that the DEFENDANTS, and each of them, failed to properly and

12    adequately investigate, design, inspect, plan, engineer, supervise, construct, produce,

13    manufacture, develop, prepare, market, distribute, and/or supply the CLASS

14    PLAINTIFFS' PROPERTIES and components, in that the CLASS PLAINTIFFS'

15    PROPERTIES, have experienced, and continue to experience, defects, deficiencies,

16    and damages resulting there from.

17    21.    CLASS PLAINTIFFS, including WEISS, individually, are informed and believe and

18    thereupon allege that the CLASS PLAINTIFFS' PROPERTIES may be defective or

19    deficient in other ways and to other extents not presently known to CLASS

20    PLAINTIFFS, and not specified above. CLASS PLAINTIFFS reserve the right to

21    amend this Complaint upon discovery of any additional defects or deficiencies not

22    referenced herein and/or to present evidence of the same at the trial of this action.

23    22.    Within the past year prior to placing the DEFENDANTS on notice of their claim of

24    construction deficiencies, CLASS PLAINTIFFS, including WEISS, individually,

25    became aware of facts which thereafter, upon investigation, resulted in CLASS

26    PLAINTIFFS being informed that portions of the CLASS PLAINTIFFS'

27    PROPERTIES have been incompletely and/or inadequately constructed, developed,

28    designed, supervised or otherwise improved so that the above-described defective

- 11 -

conditions existed and do now exist and the works of improvement are defective, not of merchantable quality and not fit for the purpose of permitting persons to reside thereabouts in a proper manner and fashion.

23.    CLASS PLAINTIFFS, including WEISS, individually, are informed and believe and thereupon allege that these incomplete and/or defective conditions were either known or through reasonable diligence and experience with the construction industry, should have been known to the DEFENDANTS, and each of them, at the time of substantial completion of construction such that NRS § 11.202 and NRS § 11.203 are applicable to the facts and circumstances as alleged herein.

24.    In the event that CLASS PLAINTIFFS, including WEISS, individually, failed to file suit within the statutorily prescribed time period for any allegations contained herein, CLASS PLAINTIFFS, including WEISS, individually, allege that they detrimentally relied upon the conduct and representations of the DEFENDANTS, and each of them in making repairs and/or representations to CLASS PLAINTIFFS to the CLASS PLAINTIFFS' PROPERTIES and therefore the statute of limitations and repose are thus tolled. Notwithstanding these actions, this lawsuit is being filed to stop the running of any and all applicable statutes of repose and limitations.

25.    CLASS PLAINTIFFS, including WEISS, individually, have standing to commence this action against the DEFENDANTS and each of them. Specifically, CLASS PLAINTIFFS, including WEISS, individually, seek all available damages statutorily codified in NRS 40.655 and all other damages and remedies available at law.

26.    Pursuant to NRS 40.640 *et seq.*, the DEFENDANTS, and each of them, are liable for damages resulting from construction defects due to individual acts or omission or the acts or omission of its agents, employees and subcontractors. As a result of such acts or omissions, construction defects have been noted to exist in the CLASS PLAINTIFFS' PROPERTIES.

27.    As a result of the acts and omissions of the DEFENDANTS, and each of them, CLASS PLAINTIFFS, including WEISS, individually, have been forced to hire

counsel to prosecute this action and to incur attorney fees and costs.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract by WEISS individually only, against all DEFENDANTS, excluding structural seismic design defect claims)**

28.   WEISS incorporates herein by reference the preceding paragraphs, inclusive, as though fully set forth herein.

29.   WEISS is informed and believes and thereupon alleges, that on various dates, WEISS and DEFENDANTS entered into written contracts whereby DEFENDANTS would, for good and valuable consideration, construct a residence and improvements and appurtenances thereto for the benefit of WEISS and deliver the same in a habitable condition reasonably free of defect or deficiency.

30.   WEISS is informed and believes and thereupon alleges that WEISS has performed all terms conditions of said contracts, except for those which were impossible to perform through no fault of his own.  DEFENDANTS failed and refused to tender performance upon the terms and conditions of said contracts in spite of repeated demands to do so, and have materially breached said contract by conveying and delivering to WEISS a residence and improvements and appurtenances thereto which were incomplete, and/or designed and constructed in a deficient manner that renders the residence virtually uninhabitable.

31.   As a direct and proximate cause of DEFENDANTS' breach of contract, WEISS has suffered and continues to suffer damages which include, without limitation, the cost to complete the work at the WEISS RESIDENCE, as well as the cost to repair the defects and deficiencies in the design and construction of the residence and improvements and appurtenances thereto at the WEISS RESIDENCE, which are now in which will continue to pose a threat to the health, safety and welfare of WEISS, guests and the general public until such repairs are effected, as well as damages  incident to, and consequent of, DEFFENDANTS' breach.  All of the above-described damages have occurred, but the amount thereof is precisely unknown, and when the precise amount

- 13 -

is known, it will be established by way of amendment to these pleadings or according to proof at the time of trial.

32.    WEISS is informed and believes and thereupon alleges that as a further direct and proximate result of the incomplete work and/or defective conditions of the WEISS RESIDENCE, WEISS was compelled to retain legal counsel to obtain recovery for the defective conditions.  Therefore, DEFENDANTS are liable for attorney's fees and costs in a sum to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(Breach of Implied Warranties by WEISS, against all DEFENDANTS, excluding structural seismic design defect claims)**

33.    WEISS incorporates herein by reference the preceding paragraphs, inclusive, as though fully set forth herein.

34.    WEISS is informed and believes and thereupon alleges that DEFENDANTS impliedly warranted, among other express and/or implied warranties, that the dwelling owned by WEISS was fit and safe for human habitation.

35.    WEISS is informed and believes and thereupon alleges that DEFENDANTS breached their implied warranty of habitability and covenants of repair because the WEISS RESIDENCE is in disrepair, unfit and unsafe in violation of the Nevada Revised Statutes and other codes and regulations.

36.    As a direct result of the foregoing, WEISS has suffered costs and out-of-pocket expenses, in an amount to be determined at the time of trial.

37.    WEISS is informed and believes and thereupon alleges that as a further direct and proximate result of the incomplete work and/or defective conditions of the WEISS RESIDENCE, WEISS was compelled to retain legal counsel to obtain recovery for the defective conditions.  Therefore, DEFENDANTS are contractually liable for attorney's fees and costs in a sum to be determined at trial.

## THIRD CLAIM FOR RELIEF

- 14 -

**(Breach of Express Warranties by WEISS, against all DEFENDANTS, excluding structural seismic design defect claims)**

38. WEISS incorporates herein by reference the preceding paragraphs, inclusive, as though fully set forth herein.

39. WEISS is informed and believes and thereupon alleges that on various dates, WEISS and DEFENDANTS entered into written contracts whereby DEFENDANTS would, for good and valuable consideration, provide improvements and appurtenances thereto for the benefit of WEISS and deliver the same in a workmanlike condition reasonably free of defect or deficiency.

40. WEISS is informed and believes and thereupon alleges that pursuant to said written contracts, DEFENDANTS expressly warranted that it would design and construct the WEISS RESIDENCE in a good and workmanlike manner.

41. WEISS is informed and believes and thereupon alleges that pursuant to the written contracts, DEFENDANTS expressly warranted that they would perform the construction of the WEISS RESIDENCE in conformance with the rules and codes of all applicable governing agencies.

42. WEISS is informed and believes and thereupon alleges that pursuant to the written contracts DEFENDANTS expressly warranted that all materials and work at the SUBJECT PROPERTY would be of good quality, free from faults and defects.

43. WEISS is informed and believes and thereupon alleges that DEFENDANTS, and each of them, was a merchant with respect to the works of improvement to the residential unit and appurtenances thereof and DEFENDANTS expressly warranted that their work was of merchantable quality, and that such work was constructed in a reasonably workmanlike manner and fit for the purpose of use in residential dwelling units. Because of the defective condition of the work at the WEISS RESIDENCE, DEFENDANTS have breached the expressed warranties between the parties.

44. WEISS is informed and believes and thereupon alleges that as a further direct and proximate result of the defective conditions at the WEISS RESIDENCE, WEISS was

compelled to retain legal counsel to obtain recovery for the defective conditions. Therefore, pursuant to NRS§ 40.600 et seq., DEFENDANTS are liable for those attorney's fees incurred by WEISS in order to obtain compensation in a sum to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Negligence/Negligence Per Se by PLAINTIFF WEISS, against all DEFENDANTS, excluding structural seismic design defect claims)

45.   WEISS incorporates herein by reference the preceding paragraphs, inclusive, as though fully set forth herein.

46.   WEISS is informed and believes and thereupon alleges that DEFENDANTS, and each of them, was a builder, contractor, subcontractor, supplier, material man, architect and/or engineer, or other person, entity or professional who participated in the process of developing, designing, engineering and/or construction of the WEISS RESIDENCE and who performed works of labor, supplied materials, equipment and/or services necessary for the building and construction, including supervision of construction of the WEISS RESIDENCE. In so doing, DEFENDANTS, and each of them, in their capacity as developer, builder, contractor, subcontractor, supplier, material men, architect, engineer and/or general contractor or otherwise, caused the WEISS RESIDENCE to be designed, engineered and/or constructed through their own works of labor, and supplying of materials, equipment and services, and through causing other contractors and subcontractors, including DEFENDANTS, and each of them, to perform works of labor, and to supply materials, and/or equipment and services in order to properly complete the WEISS RESIDENCE.

47.   WEISS is informed and believes and thereupon alleges that DEFENDANTS, and each of them, whether developer, builder, contractor, subcontractor, supplier, material men, architect, engineer or otherwise, performed work, labor and/or services upon the WEISS RESIDENCE and each knew or should have known that if the WEISS RESIDENCE was not properly or adequately designed, engineered, supervised and/or constructed, the owners and users would be substantially damaged thereby and the

WEISS RESIDENCE would be defective and not of merchantable quality. Likewise, DEFENDANTS, and each of them, knew or reasonably should have known that if the WEISS RESIDENCE was not adequately designed, engineered, constructed, or installed, that the owners and users would be substantially damaged thereby and that the WEISS RESIDENCE would be defective and not of merchantable quality. Finally, DEFENDANTS knew or reasonably should have known that if the WEISS RESIDENCE was not completed as required under the contract, that the owners and users would be substantially damaged thereby and that the WEISS RESIDENCE would be defective and not of merchantable quality.

48.    Each of the DEFENDANTS were under a duty to exercise ordinary care as developer, builder, contractor, subcontractor, supplier, material men, architect, engineer or otherwise, to avoid reasonably foreseeable injury to users of the WEISS RESIDENCE, and knew and should have foreseen with reasonable certainty that WEISS would suffer the damages set forth herein.

49.    DEFENDANTS, and each of them, failed to perform its duty to cause the WEISS RESIDENCE to be designed, engineered and completed in a proper and workmanlike manner and fashion.

50.    Despite its duty to act reasonably, DEFENDANTS, and each of them, breached their respective duties of care by negligently, recklessly and/or intentionally failing to design, engineer or construct the WEISS RESIDENCE in a good and workmanlike manner.

51.    WEISS is informed and believes and thereupon alleges that DEFENDANTS, in addition to that heretofore alleged, violated the Building Codes and regulations of the County of Clark, the Uniform Building Codes and/or the Nevada Revised Statutes relating to development, common interest subdivisions, trade professionals, design professionals, construction and sales of real estate.

52.    WEISS is informed and believes and thereupon alleges in addition to that heretofore alleged, that the damages sustained by WEISS were proximately caused by violations

- 17 -

of the Codes alleged above.

53.    WEISS is informed and believes and thereupon alleges he is a member of the class of persons for whose protection the aforementioned Codes were adopted.

54.    As a direct and proximate result of the foregoing violations of codes, negligence, carelessness and unworkmanlike conduct, actions and/or omissions by DEFENDANTS, WEISS has suffered damages in an amount presently unknown, but believed to be within this Court's jurisdiction, in order to correct the defective conditions of the WEISS RESIDENCE and to restore it to its proper condition including reasonable expenses of temporary housing reasonably necessary during the repair. Further, WEISS has incurred and will incur expert fees and costs to investigate the defective conditions to determine the nature, extent, cause of the defects and the reasonable and appropriate repairs.  Finally, WEISS has suffered loss of other property damaged by the defective conditions; WEISS is presently unaware of the precise amount of the damages, but will establish the same at trial, according to proof.

55.    WEISS is informed and believes and thereupon alleges that as a further direct and proximate result of the defective conditions of the WEISS RESIDENCE, WEISS' interests in the WEISS RESIDENCE and the value thereof have been reduced and diminished.   All of the above-described damages have occurred, but the amount thereof is precisely unknown, and when the precise amount is known, it will be established by way of amendment to these pleadings or according to proof at the time of trial.

56.    WEISS is informed and believes and thereupon alleges that as a further direct and proximate result of the incomplete and/or defective conditions of the WEISS RESIDENCE, WEISS has and will continue to lose the use and enjoyment of the WEISS RESIDENCE, including the use of the WEISS RESIDENCE as a result of the restoration required to repair and restore the defects.

57.    WEISS is informed and believes and thereupon alleges that as a further direct and proximate result of the incomplete and/or defective conditions of the WEISS

RESIDENCE, WEISS was compelled to retain legal counsel to obtain recovery for the defective conditions.  Therefore, pursuant to NRS § 40.600 et seq., DEFENDANTS, and each of them, are liable for those attorney's fees incurred by WEISS in order to obtain compensation in a sum to be determined at trial.

## FIFTH CLAIM FOR RELIEF

**(Intentional and Negligent Misrepresentation by CLASS PLAINTIFFS, including WEISS individually, against all DEFENDANTS, for structural seismic design defect claims only)**

58.  CLASS PLAINTIFFS, including WEISS individually, incorporate herein by reference the preceding paragraphs, inclusive, as though fully set forth herein.

59.  When marketing and selling the residences, improvements and appurtenances thereto, DEFENDANTS, and each of them, by and through their agents or employees, represented to the general public and to CLASS PLAINTIFFS including WEISS individually, that the residences, improvements and appurtenances thereto, were designed and constructed free from defect or deficiencies in materials, design, or workmanship in compliance with applicable building and construction codes, state and federal standards, ordinances and industry standards, and were fit for human habitation. At the time said representations were made, DEFENDANTS, and each of them, knew or, in the exercise of due diligence, should have known that the design and construction of CLASS PLAINTIFFS PROPERTIES, improvements and appurtenances incident thereto were defective and deficient in a manner violating applicable building and construction codes, ordinances and industry standards then in force as described herein above, and that any representation to the contrary would be material.

60.  At all material times, DEFENDANTS, and each of them, knew or should have known that CLASS PLAINTIFFS, including WEISS individually, would rely upon the truth of said material representations when purchasing a home in the ANTHEM COUNTRY CLUB MASTER DEVELOPMENT and improvements and appurtances

thereto, and further knew or should have known that said reliance would be detrimental to CLASS PLAINTIFFS, including WEISS individually, if said material representations were false. Nevertheless, DEFENDANTS, and each of them, knowingly, intentionally, recklessly or negligently (grossly or otherwise) made material misrepresentations with the intent to deceive CLASS PLAINTIFFS, including WEISS individually, or with reckless disregard of CLASS PLAINTIFFS' rights, interests and well-being. CLASS PLAINTIFFS did so rely to their detriment by purchasing their residences, improvements and appurtenances thereto with the reasonable belief said material representations were true.

61. Based on DEFENDANTS, and each of their, status as a licensed business in good standing at the time of the construction of CLASS PLAINTIFFS' PROPERTIES and DEFENDANTS' status as a licensed contractor with the state of Nevada, CLASS PLAINTIFFS' reliance upon DEFENDANTS, and each of their, knowing, intentional, reckless or negligent (gross or otherwise) material misrepresentations was both reasonable and justifiable.

62. As a direct and proximate cause of DEFENDANTS', and each of their, conduct, CLASS PLAINTIFFS, including WEISS individually, have suffered and continue to suffer damages, including without limitation, the cost to repair the defects and deficiencies in the design and construction of the residences and improvements and appurtenances thereto, which are now and will continue to pose a threat to the health, safety and welfare of CLASS PLAINTIFFS, their guests and the general public until such repairs are made.

63. CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege that said damages are in excess of $50,000 (Fifty Thousand Dollars) per home and are continuing to accrue.

64. DEFENDANTS' conduct in making said material misrepresentations was malicious and undertaken with the intent to defraud and oppress CLASS PLAINTIFFS, thus warranting the imposition of punitive damages pursuant to NRS§ 42.005 sufficient to

punish and embarrass DEFENDANTS, and each of them, thereby deterring such conduct by them in the future.

65.    As a result of DEFENDANTS' conduct, CLASS PLAINTIFFS, including WEISS individually, have been compelled to retain the services of The Bourassa Law Group in order to comply with the statutory requirements prior to litigation and to institute and prosecute these proceedings, and to retain expert consultants and witnesses as reasonably necessary to prove their case, thus entitling CLASS PLAINTIFFS to an award of attorneys' fees and costs in amounts to be established at the time of trial.

## SIXTH CLAIM FOR RELIEF

**(Negligence/Negligence Per Se by PLAINTIFFS, including PLAINTIFF WEISS individually, against all DEFENDANTS, for structural seismic design defect claims only)**

66.    CLASS PLAINTIFFS, including WEISS individually, incorporate herein by reference all previous paragraphs inclusive, as though fully set forth herein.

67.    CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege that DEFENDANTS, and each of them, were builders, contractors, subcontractors, suppliers, material men, architects and/or engineers, or other person, entity or professional who participated in the process of developing, designing, engineering and/or construction of the CLASS PLAINTIFFS' RESIDENCES and who performed works of labor, supplied materials, equipment and/or services necessary for the building and construction, including supervision of construction of the CLASS PLAINTIFFS' RESIDENCES. In so doing, DEFENDANTS, and each of them, in their capacity as developer, builder, contractor, subcontractor, supplier, material men, architect, engineer and/or general contractor or otherwise, caused the CLASS PLAINTIFFS' RESIDENCES to be designed, engineered and/or constructed through their own works of labor, and supplying of materials, equipment and services, and through causing other contractors and subcontractors, including DEFENDANTS, and each of them, to perform works of labor, and to supply materials, and/or equipment and services in order to properly complete the CLASS PLAINTIFFS' RESIDENCES.

- 21 -

68.  CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege that DEFENDANTS, and each of them, whether developer, builder, contractor, subcontractor, supplier, material men, architect, engineer or otherwise, performed work, labor and/or services upon the CLASS PLAINTIFFS' RESIDENCES and each knew or should have known that if the CLASS PLAINTIFFS' RESIDENCES were not properly or adequately designed, engineered, supervised and/or constructed, the owners and users would be substantially damaged thereby and the CLASS PLAINTIFFS' RESIDENCES would be defective and not of merchantable quality. Likewise, DEFENDANTS knew or reasonably should have known that if the CLASS PLAINTIFFS' RESIDENCES were not adequately designed, engineered, constructed, or installed to applicable codes and standards, that the owners and users would be substantially damaged thereby and that the CLASS PLAINTIFFS' RESIDENCES would be defective and not of merchantable quality. Finally, DEFENDANTS, and each of them, knew or reasonably should have known that if the CLASS PLAINTIFFS' RESIDENCES were not completed as required under the contract, that the owners and users would be substantially damaged thereby and that the CLASS PLAINTIFFS' RESIDENCES would be defective and not of merchantable quality.

69.  DEFENDANTS, and each of them, were under a duty to exercise ordinary care as developer, builder, contractor, subcontractor, supplier, material men, architect, engineer or otherwise, to avoid reasonably foreseeable injury to users of the CLASS PLAINTIFFS' RESIDENCES, and knew and should have foreseen with reasonable certainty that CLASS PLAINTIFFS, including WEISS individually, would suffer the monetary damages set forth herein.

70.  DEFENDANTS' failure to incorporate and/or design the seismic structural calculations, required structural framing, bracing and/or stiffening as required by code and the general standard of care for the construction of CLASS PLAINTIFFS' RESIDENCES constitutes a breach of its duty to CLASS PLAINTIFFS, including

WEISS individually, and CLASS PLAINTIFFS' RESIDENCES.

71.  Despite owing a duty to act reasonably, DEFENDANTS, and each of them, breached their respective duties of care by negligently, recklessly and/or intentionally failing to design, engineer or construct the CLASS PLAINTIFFS' RESIDENCES by failing to include the required seismic structural calculations, required structural framing, bracing and/or stiffening as required by applicable codes and the general standard of care for the construction of CLASS PLAINTIFFS' RESIDENCES

72.  All of DEFENDANTS acts, omissions and negligence constitute a breach of DEFENDANTS' duty to act in a good and workmanlike manner with respect to CLASS PLAINTIFFS, including WEISS individually.

73.  CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege that DEFENDANTS, in addition to that heretofore alleged, violated the Building Codes and regulations of the County of Clark, the Uniform Building Codes and/or the Nevada Revised Statutes relating to development, common interest subdivisions, trade professionals, design professionals, construction and sales of real estate.

74.  CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege in addition to that heretofore alleged, that the damages sustained by CLASS PLAINTIFFS, including WEISS individually, were proximately caused by violations of the Codes alleged above.

75.  CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege that they are members of the class of persons for whose protection the aforementioned Codes were adopted.

76.  As a direct and proximate result of the foregoing violations of codes, negligence, carelessness and unworkmanlike conduct, actions and/or omissions by DEFENDANTS, and each of them, CLASS PLAINTIFFS, including WEISS individually, have suffered damages in an amount presently unknown, but believed to be within this Court's jurisdiction, in order to correct the defective conditions of the

CLASS PLAINTIFFS' RESIDENCES and to restore CLASS PLAINTIFFS' RESIDENCES to their proper condition including expenses of temporary housing necessary during the repair. Further, CLASS PLAINTIFFS have incurred and will incur expert fees and costs to investigate the defective conditions to determine the nature, extent, cause of the defects and the reasonable and appropriate repairs. CLASS PLAINTIFFS, including WEISS individually, are presently unaware of the precise amount of the damages, but will establish the same at trial, according to proof.

77.    CLASS PLAINTIFFS, including WEISS individually, are informed and believe and thereupon allege that as a further direct and proximate result of the incomplete and/or defective conditions of the CLASS PLAINTIFFS' RESIDENCES, CLASS PLAINTIFFS were compelled to retain legal counsel to obtain recovery for the defective conditions. Therefore, pursuant to NRS § 40.600 et seq., DEFENDANTS, and each of them, are liable for those attorney's fees recently necessary incurred by CLASS PLAINTIFFS in order to obtain compensation in a sum to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

**(Breach of Implied Warranties by PLAINTIFFS, including PLAINTIFF WEISS individually, against all DEFENDANTS, for structural seismic design defect claims only)**

78.    CLASS PLAINTIFFS, including WEISS individually, incorporate herein by reference all previous paragraphs inclusive, as though fully set forth herein.

79.    CLASS PLAINTIFFS are informed and believe and thereupon allege that DEFENDANTS impliedly warranted, among other express and/or implied warranties, that the dwelling owned by CLASS PLAINTIFFS was fit and safe for human habitation.

80.    CLASS PLAINTIFFS are informed and believe and thereupon allege that DEFENDANTS breached their implied warranty of habitability and covenants of repair because the **CLASS** PLAINTIFFS' RESIDENCES were not built according to the applicable building codes and standards and are unfit and unsafe in violation of the Nevada Revised Statutes and other codes and regulations.

- 24 -

81.    As a direct result of the foregoing, CLASS PLAINTIFFS have suffered costs and out-of-pocket expenses, in an amount to be determined at the time of trial.

82.    CLASS PLAINTIFFS are informed and believe and thereupon allege that as a further direct and proximate result of the incomplete work and/or defective conditions of the CLASS PLAINTIFFS' RESIDENCES, CLASS PLAINTIFFS were compelled to retain legal counsel to obtain recovery for the defective conditions.    Therefore, DEFENDANTS are contractually liable for attorney's fees and costs in a sum to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

**(Breach of Express Warranties by PLAINTIFFS, including PLAINTIFF WEISS individually, against all DEFENDANTS, for structural seismic design defect claims only)**

83.    CLASS PLAINTIFFS, including WEISS individually, incorporate herein by reference all previous paragraphs inclusive, as though fully set forth herein.

84.    CLASS PLAINTIFFS are informed and believe and thereupon allege that on various dates, CLASS PLAINTIFFS, including WEISS, and DEFENDANTS entered into written contracts whereby DEFENDANTS would, for good and valuable consideration, provide improvements and appurtenances thereto for the benefit of CLASS PLAINTIFFS and deliver the same in a workmanlike condition reasonably free of defect or deficiency.

85.    CLASS PLAINTIFFS are informed and believe and thereupon allege that pursuant to said written contracts, DEFENDANTS expressly warranted that it would design and construct the CLASS PLAINTIFFS' RESIDENCES in a good and workmanlike manner.

86.    CLASS PLAINTIFFS are informed and believe and thereupon allege that pursuant to the written contracts, DEFENDANTS expressly warranted that they would perform the construction of the CLASS PLAINTIFFS' RESIDENCES in conformance with the rules and codes of all applicable governing agencies.

87.    CLASS PLAINTIFFS are informed and believe and thereupon allege that pursuant to

the written contracts DEFENDANTS expressly warranted that all materials and work at the CLASS PLAINTIFFS' RESIDENCES would be of good quality, free from faults and defects.

88.    CLASS PLAINTIFFS are informed and believe and thereupon allege that DEFENDANTS, and each of them, was a merchant with respect to the works of improvement to the residential unit and appurtenances thereof and DEFENDANTS expressly warranted that their work was of merchantable quality, and that such work was constructed in a reasonably workmanlike manner and fit for the purpose of use in residential dwelling units. Because of the defective condition of the work at the CLASS PLAINTIFFS' RESIDENCES, DEFENDANTS have breached the expressed warranties between the parties.

89.    CLASS PLAINTIFFS are informed and believe and thereupon allege that as a further direct and proximate result of the defective conditions at the CLASS PLAINTIFFS' RESIDENCES, WEISS was compelled to retain legal counsel to obtain recovery for the defective conditions. Therefore, pursuant to NRS§ 40.600 et seq., DEFENDANTS are liable for those attorney's fees incurred by CLASS PLAINTIFFS in order to obtain compensation in a sum to be determined at trial.

## NINTH SEPARATE CLAIM FOR RELIEF

### (Declaratory and Equitable Relief by PLAINTIFFS, including PLAINTIFF WEISS individually, against all DEFENDANTS)

90.    CLASS PLAINTIFFS, including WEISS individually, incorporate herein by reference all previous paragraphs inclusive, as though fully set forth herein.

91.    Pursuant to NRS§ 30.040, any person whose rights, status or other legal relations are affected by a statute is entitled to have the Court determine any question of construction or validity arising under such statute by obtaining a declaration of their rights, status or other legal relations under such statute.

92.    Pursuant to NRS§ 30.130, when a party seeks declaratory relief, such as the relief sought herein, any person who has or claims any interest that would be affected by the

- 26 -

declaration shall be made a party to the declaratory relief action. The purpose of NRS§ 30.010 et seq., is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and these statutes are to be literally construed and administered (NRS§ 30.140).

93. CLASS PLAINTIFFS, including WEISS individually, are informed and believe, and thereon allege that DEFENDANTS and each of them, are persons who have or claim to have an interest which would be affected by the relief sought by CLASS PLAINTIFFS, including WEISS individually, in this Complaint. As such CLASS PLAINTIFFS are informed and believe, and thereon allege, that an actual controversy and dispute exists by and between CLASS PLAINTIFFS and DEFENDANTS concerning CLASS PLAINTIFFS', including WEISS individually, rights under NRS§ 40.600 et seq.; CLASS PLAINTIFFS' rights under other Nevada statutes; and CLASS PLAINTIFFS' rights at common law. The determination of these issues is essential to the administration of justice in this case. CLASS PLAINTIFFS, including WEISS individually, respectfully request the Court to resolve these issues prior to trial.

94. CLASS PLAINTIFFS, including WEISS individually, are further informed and believe, and thereon allege, that an actual controversy has arisen and now exists between the CLASS PLAINTIFFS and the DEFENDANTS regarding the scope and/or adequacy of legal rights and remedies available to CLASS PLAINTIFFS under Nevada statutes and common law. The determination of these issues is essential to the administration of justice in this case. CLASS PLAINTIFFS respectfully request the court to resolve these issues prior to trial.

///
///
///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, CLASS PLAINTIFFS, including WEISS individually, and pray for judgment as follows:

### FOR THE WEISS INDIVIDUAL HOME CLAIMS:

1.      General and specific damages in excess of this Court's minimum jurisdiction of $10,000 including but not limited to any costs to identify, mitigate, cure or repair any defect or deficiency in the design or construction of the WEISS RESIDENCE and improvements and appurtenances thereto, and any and all damages proximately caused thereby, in a sum to be determined according to proof;

2.      Incidental and consequential damages proximately caused by any defect or deficiency in the design or construction of the WEISS RESIDENCE and improvements and appurtenances thereto, including but not limited to the loss of use, relocation and alternative housing, incidental expenses, diminished value, stigma, lost rents and lost business opportunity, all in sums to be determined according to proof;

3.      Entitlements as enumerated in NRS§ 40.655;

4.      Costs of suit;

5.      A declaration of the rights and remedies of the parties available under Nevada law;

6.      All interest as provided by law, including prejudgment interest; and

7.      Such other equitable relief as the court deems just and proper.

### FOR THE CLASS CLAIMS FOR STRUCTURAL DESIGN DEFECTS:

1.      General and specific damages in excess of this Court's minimum jurisdiction of $10,000 including but not limited to any costs to identify, mitigate, cure or repair any defect or deficiency in the design or construction of CLASS PLAINTIFFS' RESIDENCES for the seismic structural design defect only in a sum to be determined according to proof;

- 28 -

2.    Incidental and consequential damages proximately caused by any defect or deficiency in the design or construction of the CLASS PLAINITFFS' RESIDENCES caused by the seismic structural design defect, and improvements and appurtenances thereto, including but not limited to relocation and alternative housing, all in sums to be determined according to proof;

3.    Entitlements as enumerated in NRS§ 40.655

4.    Punitive Damages as set forth in NRS§ 42.005;

5.    Costs of suit;

6.    A declaration of the rights and remedies of the parties available under Nevada law;

7.    All interest as provided by law, including prejudgment interest; and

8.    Such other equitable relief as the court deems just and proper.

DATED this 22nd day of June, 2011.

THE BOURASSA LAW GROUP, LLC

By: _____
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
CHRISTOPHER W. CARSON, ESQ.
Nevada Bar No. 9523
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
*Attorneys for PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of June 2011 I served a true and correct copy of the foregoing document entitled **PLAINTIFFS' AMENDED COMPLAINT** via Electronic Service to the following persons:  SEE ATTACHED SERVICE LIST.


An employee of The Bourassa Law Group, LLC

- 30-

## THE BOURASSA LAW GROUP, LLC

3025 West Sahara Ave., Suite 105
Las Vegas, NV 89102
TELEPHONE (702) 851-2180 FACSIMILE (702) 851-2189

### WEISS v. DEL WEBB COMMUNITIES

CASE NO.:    A605863        DEPT 16

*SERVICE LIST*

| Attorney | Phone and Fax No. | Party |
|----------|-------------------|-------|
| Jason W. Williams, Esq. Koeller, Nebeker, Carlson & Haluck 300 S. Fourth St., Ste. 500 Las Vegas, NV 89101 | (702) 853-5500 (702) 853-5599 | Attorney for Terravita Homes Construction Co. |
| Nikki D. Wilson, Esq. Cisneros, Clayson, & Marias 1140 N. Town Center Dr., Ste. 200 Las Vegas, NV 89144 | (702) 233-9660 (702) 233-9665 | Attorney for Dan Bradley Glass Shop, Inc. |
| Eileen Mulligan Marks, Esq. Marks Law Group 1120 Town Center Dr., Ste. 200 Las Vegas, NV 89144 | (702) 341-7870 (702) 341-8049 | Attorney for Dean Roofing, Co. Inc. |
| Leonard T. Fink, Esq. Springel & Fink, LLP 10655 Park Run Dr., Ste. 275 Las Vegas, NV 89144 | (702) 804-0706 (702) 804-0798 | Attorney for Pete King Corporation |
| Taylor A. Hughes, Esq. Ray Lego & Associates 7450 Arroyo Crossing Pkwy., Ste. 250 Las Vegas, NV 89113 | (702) 479-4350 (702) 270-4602 | Attorney for Sunrise Mechanical, Inc. |
| Alan W. Westbrook, Esq. Michael K. Lewis, Esq. Perry, Spann & Westbrook, P.C. 1701 W. Charleston., Ste. 200 Las Vegas, NV 89102 | (702) 870-2400 (702) 870-8220 | Attorneys for Creative Touch Interiors, Inc. |

| | | |
|---|---|---|
| Renee M. Sharp, Esq.<br>McCormick, Barstow,<br>Sheppard, Wayte & Carruth,<br>LLP<br>8337 W. Sunset Rd., Ste.<br>350<br>Las Vegas, NV 89113 | (702) 949-1100<br>(702) 949-1101 | Attorneys for<br>Sanya Gardner<br>Efficient Enterprises,<br>Inc.<br>d/b/a/<br>Efficient Electric<br>1220 S. Commerce St.<br>Las Vegas, NV 89102 |
| Scott P. Kelsey, Esq.<br>Lewis Brisbois Bisgaard &<br>Smith, LLP<br>6385 S. Rainbow Blvd., Ste.<br>600<br>Las Vegas, NV 89118 | (702) 893-3383<br>(702) 893-3789 | Attorneys for<br>Executive Plastering,<br>Inc. |
| Paul Ballou, Esq.<br>Cisneros Clayson Marias<br>1140 N. Town Center Dr.,<br>Ste. 200<br>Las Vegas, NV 89144 | (702) 233-9660<br>(702) 233-9665 | Attorney for<br>MS Concrete Co, Inc. |
| | (818) 227-8192<br>(818) 316-0382<br>bfreedline@markelcorp.com | Bruce Freedline<br>Markel West Insurance<br>Services<br>21600 Oxnard St., #400<br>Woodland Hills, CA<br>91367 |
| Paul A. Acker, Esq.<br>Bremer Whyte Brown &<br>O'Meara, LLP<br>7670 W. Lake Mead Blvd.,<br>Ste. 225<br>Las Vegas, NV 89128 | (702) 258-6665<br>(702) 258-6662 | Attorney for<br>Pratte Development Co,<br>Inc. |
| Michael D. Hoy, Esq.<br>Hoy & Hoy P.C.<br>4147 Caughlin Pkwy., Ste. 4<br>Reno, NV 89519 | (775) 786-8000<br>(775) 786-7426 | Attorney for<br>JELD-WIN, Inc. |
| Bryce Buckwalter, Esq.<br>Prince & Keating<br>3230 S. Buffalo Dr., Ste. 108<br>Las Vegas, NV 89117 | (702) 228-6800<br>(702) 228-0443 | Attorney for Granite<br>World |
| Steven J. Savarda, Esq.<br>Law Offices of Cisneros<br>Clayson & Marias<br>1140 N. Town Center Dr.,<br>Ste. 200<br>Las Vegas, NV 89144 | (702) 233-9660<br>(702) 233-9665 | Attorney for Superior<br>Tile & Marble, Inc. |

# EXHIBIT 1

1   NOTC
    MARK J. BOURASSA, ESQ.
2   Nevada Bar No. 7999
    CHRISTOPHER W. CARSON, ESQ.
3   Nevada Bar No. 9523
    **THE BOURASSA LAW GROUP, LLC**
4   3025 West Sahara Ave., Suite 105
    Las Vegas, Nevada 89102
5   Tel: (702) 851-2180
    Fax: (702) 851-2189

6

7   *Attorney for Claimants*

8   RONALD L. WEISS, individually and as a
    class representative on behalf of similarly
9   situated homeowners within the Anthem
    Country Club Development

10         Claimant;

11     vs.

12   TERRAVITA HOME CONSTRUCTION
13   COMPANY, an Arizona corporation; DEL
    WEBB COMMUNITIES INC, an Arizona
14   corporation; P N II, INC, a Nevada
    corporation;  and DOES 1 through 100 and
15   ROES 1 through 100 inclusive,

16        Contractors.

**NOTICE OF COMMON
CONSTRUCTIONAL DEFECTS
PURSUANT TO NRS§ 40.645 (4)**

17

18    **NOTICE TO:**

19      **TERRAVITA HOME CONSTRUCTION COMPANY, an Arizona
corporation;  DEL  WEBB  COMMUNITIES  INC,  an  Arizona
corporation; P N II, INC, a Nevada corporation;  and DOES 1 through
100 and ROES 1 through 100 inclusive**

20

21

22    Your legal rights are affected by this written Notice, which is given pursuant to Nevada

23   Revised Statues Section 40.645. The purpose of this Notice is to inform you that the above-named

24   Claimant, on his own behalf and as a class representative on behalf of similarly situated

25   homeowners within the ANTHEM COUNTRY CLUB development in Henderson, Nevada, is

26   making a claim against TERRAVITA HOME CONSTRUCTION COMPANY, an Arizona

27   corporation; DEL WEBB COMMUNITIES INC, an Arizona corporation; P N II, INC, a Nevada

28

- 1 -

corporation;    and DOES 1 through 100 and ROES 1 through 100 inclusive (hereinafter collectively referred to as "CONTRACTORS") for common constructional defects in the design and/or construction of their residences and related appurtenances built by CONTRACTORS according to the plans on file with the City of Henderson at the following plan types within the development known as ANTHEM COUNTRY CLUB development in Henderson, Nevada:

| PLAN TYPE PER CONTRACTORS' PLAN | HENDERSON PERMIT NUMBER |
| --- | --- |
| 16202 | 1998018335 |
| 16203 | 1998018336 |
| 16301 | 1988018338 |
| 16303 | 1998018340 |
| 16304 | 1988018341 |
| 16304 (Revised) | Revised |
| 16401 | 1998018342 |
| 16403 (Weiss Home) (7 Anthem Creek Circle) | 1988018344 |
| 16404 | 1998018345 |

You should carefully read the Nevada Revised Statues Section 40.645 et seq., and consult an attorney to determine your specific rights and obligations.

**NOTICE IS HEREBY GIVEN** that RONALD L. WEISS, individually and as a class representative of similarly situated homeowners within the ANTHEM COUNTRY CLUB Development, (hereinafter collectively referred to as "THE CLAIMANTS") have claim for defects in the design and/or construction of their properties located at the ANTHEM COUNTRY CLUB Development, City of Henderson, County of Clark, State of Nevada as listed above (hereinafter the "SUBJECT PROPERTIES").

Except as provided in the Nevada Revised Statues Section 40.645 et seq., and notwithstanding any other provision of law, as of the date of its mailings as reflected in the accompanying Certificate of Mailing, this Notice shall toll all statutes of limitation and/or repose on actions against all parties who may be responsible for the constructional defects, whether named in this notice or not.

- 2 -

I.    **PRELIMINARY LIST OF DEFECTS**

Pursuant to Nevada Revised Statues Section 40.645 et seq., with reservation to amend, modify, or add to the notice required in this provision, THE CLAIMANTS provide you with a preliminary, non-exclusive description of constructional defects for the SUBJECT PROPERTIES as follows:

• See EXHIBIT "1" attached hereto and incorporated herein by reference. This is a report from Josephson Werdowatz & Associates, the structural engineer retained by THE CLAIMANTS that sets forth the expert opinion as to the cause of the common constructional defects and the nature and extent of the damage or injury resulting from the common constructional defects in compliance with NRS§ 40.645(4). Specifically, the structural design of the homes identified in the plan types referenced above are deficient because they contain only a design for wind loading and do not include a seismic analysis of the home in violation of past and present building codes.

II.    **BUILDERS RESPONSE TO THIS NOTICE**

Any and all responses, notices or other communication from, to, or on behalf of the Claimants pursuant to Nevada Revised Statues, Section 40.645 et seq., shall be made in writing to its attorney of record Mark J. Bourassa, Esq., and Christopher W. Carson, Esq., of The Bourassa Law Group, LLC, 3025 W. Sahara Ave., Suite 105, Las Vegas, Nevada 89102.

Be advised that as to the named claimants you have ninety (90) days after receipt of this Notice to respond. The response must be in writing and sent by certified mail. Your response must address each defect in the Notice and whether you chose to repair the defect or cause the defect to be repaired, and if necessary, to pay the costs of temporary housing and removal and relocation of the personal contents and property of the occupants, or whether you shall pay monetary compensation for each constructional defect. If you disclaim liability, you must state

- 3 -

1   the reason for such a disclaimer in writing.

2        Furthermore, pursuant to NRS§ 40.6452 CONTRACTORS may at their sole discretion,

3   provide a disclosure of this Notice of alleged common constructional defects to each unnamed

4   owner of a residence. The disclosure must be in writing and sent by certified mail, return receipt

5   requested to the home address of each unnamed effected owner.

6

7   **III.   NOTICE TO SUBCONTRACTOR, SUPPLIER OR DESIGN PROFESSIONAL**

8        Not later than 30 days after the date on which you received this Notice, you must forward

9   a copy of the notice by certified mail, return receipt requested, to the last known address of each

10   subcontractor, supplier or design professional that you reasonably believe is responsible for a

11   defect specified in this Notice. Failure to do so can prohibit you from commencing an action

12   against the subcontractor, supplier, or design professional related to the construction defect.

13

14   **IV.   SELECTION OF MEDIATOR**

15        Pursuant to Nevada Revised Statues Section 40.680, the Claimants select Floyd Hale,

16   Esq. as the mediator for this Chapter 40 mediation.

17   Dated this 8th day of December, 2010.

18                      **THE BOURASSA LAW GROUP, LLC**

19

20                      MARK J. BOURASSA, ESQ.

21                      Nevada Bar No. 7999
                           CHRISTOPHER W. CARSON, ESQ.

22                      Nevada Bar No. 9523
                           **THE BOURASSA LAW GROUP, LLC**

23                      3025 West Sahara Ave., Suite 105
                           Las Vegas, Nevada 89102

24                      Tel: (702) 851-2180
                           Fax: (702) 851-2189

25

26                      *Attorneys for Claimants*

27

28                          - 4 -

6370 Lusk Boulevard, Suite F200
San Diego, California 92121-2753
Telephone 858-558-2181
Facsimile 858-558-2188

2110 East Flamingo Road, Suite 205
Las Vegas, Nevada 89119-5192
Telephone 702-753-6500
Facsimile 702-753-6555

6900 East Camelback Road, Suite 522
Scottsdale, Arizona 85251-2442
Telephone 480-945-5557
Facsimile 480-945-5499

JOSEPHSON
WERDOWATZ
& ASSOCIATES, INCORPORATED

December 7, 2010

Christopher W. Carson, Esq.
The Bourassa Law Group
3025 West Sahara Ave., Suite 105
Las Vegas, NV 89102

Subject: Anthem Country Club, Henderson, Nevada

Dear Mr. Carson:

We have completed an initial review of a number of the structural drawings and calculations for the homes at Anthem Country Club designed in the 1999 to 2002 time frame. A list of plan types and dates is attached. The early structural designs were completed by Bingham Engineering and later designs by Borm Engineering.

While investigating a home from the time period designed by Bingham Engineering (plan 16403), we determined that the original structural design was greatly flawed. That flaw lies in that the engineer did not perform a seismic analysis of the home. The home was designed for wind loading only which is in violation of both past and present building codes.

Realizing that this flaw may not be limited to the single home originally reviewed, this office was provided with the drawings and calculations for a number of plan types. A review of those documents brought to light the following facts:

1. The flawed design was not limited to the single plan type originally reviewed. This error was found in the Bingham Engineering calculations in all plan types reviewed with calculations dated from 1996 through 1999.

2. Later plan types (calculations dated 2000 through 2001) designed by Bingham Engineering did correct this flaw and included seismic calculations.

3. Based upon a review of the plans prepared by the later engineer (Borm Engineering), it does not appear likely that this error occurs in their work.

The attached summary page shows that the affected plan types (Bingham Engineering calculations dated prior to 2000) had a consistent error in the lateral force calculations in that they failed to account for seismic forces. A detailed analysis of the plan type 16403 showed that portions of the lateral force resisting system are deficient when code required seismic forces are properly accounted for.

*Consulting Structural Engineers*



Anthem Country Club
December 7, 2010
Page 2 of 2

In conclusion, it is my opinion that our review of the original structural calculations and drawings provides a reasonable and reliable way to gage the adequacy of the structural design of the homes. It is further my opinion that all similarly situated residences (homes built according the Bingham Engineering drawings and calculations dated 1996 through 1999) will likely contain this same design flaw.

Our opinions are subject to modification should further work be conducted or new information becomes available. Please feel free to call us if you have any questions regarding this report.

Sincerely,

JOSEPHSON-WERDOWATZ & ASSOCIATES, INC.

Dan R. Werdowatz, S.E.
*Principal Structural Engineer*

Enclosure





**Anthem Country Club**
Structural Design Summary
December 7, 2010

| Plan | Permit # | Structural Engineer | Calculation Date | Seismic Calculations Performed |
|------|----------|---------------------|------------------|-------------------------------|
| 16202 | 1998018335 | Bingham | 8/30/1996 | No |
| 16203 | 1998018336 | Bingham | 8/27/1999 | No |
| 16301 | 1998018338 | Bingham | 8/20/1999 | No |
| 16303 | 1998018340 | Bingham | 8/20/1999 | No |
| 16304 | 1998018341 | Bingham | 8/20/1999 | No |
| 16401 | 1998018342 | Bingham | 8/27/1999 | No |
| 16403 | 1998018344 | Bingham | 8/30/1999 | No |
| 16404 | 1998018345 | Bingham | 8/30/1999 | No |
| 16305 | 2000000086 | Bingham | 10/10/2001 | Yes |
| 16306 | 2000000087 | Bingham | not available | unknown |
| 16405 | 2000000088 | Bingham | 10/18/2001 | Yes |
| 16205 | 2000000089 | Bingham | 5/16/2000 | Yes |
| 16522 | 2001000005 | Borm | not available | Likely |
| 16523 | 2001000006 | Borm | not available | Likely |
| 16531 | 2001000063 | Borm | not available | Likely |
| 16532 | 2001000064 | Borm | not available | Likely |
| 16533 | 2001000065 | Borm | not available | Likely |
| 16534 | 2001000066 | Borm | not available | Likely |
| 16535 | 2001000067 | Borm | not available | Likely |
| 16512 | 2001000070 | Borm | not available | Likely |
| 16513 | 2001000071 | Borm | not available | Likely |
| 16541 | 2001000072 | Borm | not available | Likely |
| 16542 | 2001000073 | Borm | not available | Likely |
| 16543 | 2001000074 | Borm | not available | Likely |
| 16544 | 2001000075 | Borm | not available | Likely |
| 16545 | 2001000076 | Borm | not available | Likely |

1  **SUPP NOTC**
   MARK J. BOURASSA, ESQ.
   Nevada Bar No. 7999
2  CHRISTOPHER W. CARSON, ESQ.
   Nevada Bar No. 9523
3  **THE BOURASSA LAW GROUP, LLC**
4  3025 West Sahara Ave., Suite 105
   Las Vegas, Nevada 89102
5  Tel: (702) 851-2180
   Fax: (702) 851-2189
6
   *Attorney for Claimants*
7
   RONALD L. WEISS, ALVIN DEMPSEY,
8  KRISTI DEMPSEY, ROBERT
   JACOBSON, PRISCILLA JACOBSON,
9  ROBERT HALE, HENRI HALE, JAMES
   MCCARTHY, GLORIA MCCARTHY,
10 WILLIAM & MARGARET BOTTS
   FAMILY TRUST, RICHARD WUBBEL,
11 BURNADETTE WUBBEL, SCHNEIDER
   FAMILY TRUST, LAMONTE
12 MCLEMORE, DENNIS OBREGON
   TRUST, KEVIN C. LUSH, TAMI
13 DAYMUDE-LUSH, KENNETH
14 HERMAN, ROBERT GAMBIT, GLORIA
   GAMBIT, YOSHIMOTO FAMILY
15 TRUST, BOYLE 1985 LIVING TRUST
   AMGT, JOHN GUNDERSON, KAREN
16 GUNDERSON, PAYNE FAMILY TRUST,
17 BALJIT DEOL, JASKIRAN DEOL,
   RICHARD ERLICH, SUZY ERLICH,
18 MICHELLE AND GEORGE ANSCOMB
   TRUST, MARY AUGUST TRUST,
19 LARRY J. ODLE TRUST, DAVID WARD
20 RICHDALE TRUST, BARBARA ALLEN,
   KATHLEEN GILLESPIE, NINA
21 HARTWELL TRUST, LAURA
22 MACAULAY, MARIE SUE & LAURA
   ANN MACAULAY REVOCABLE
23 TRUST, FORD FAMILY TRUST, and
   GREGORY M. & MARY E. MATIYA
24 REVOCABLE TRUST, individually and/or
25 in their individual capacities and as class
   representatives on behalf of similarly
26 situated homeowners within the Anthem
   Country Club Development
27
28              Claimants;

**SUPPLEMENTAL NOTICE OF
COMMON CONSTRUCTIONAL
DEFECTS PURSUANT TO NRS§ 40.645
(4)**

- 1 -

1      vs.

2

3 TERRAVITA HOME CONSTRUCTION
COMPANY, an Arizona corporation; DEL

4 WEBB COMMUNITIES INC, an Arizona
corporation; P N II, INC, a Nevada

5 corporation; and DOES 1 through 100 and
ROES 1 through 100 inclusive,

6

7      Contractors.

8    **NOTICE TO:**

9      **TERRAVITA HOME CONSTRUCTION COMPANY, an Arizona
corporation; DEL WEBB COMMUNITIES INC, an Arizona**

10      **corporation; P N II, INC, a Nevada corporation; and DOES 1 through
100 and ROES 1 through 100 inclusive**

11

12      Your legal rights are affected by this written Notice, which is given pursuant to Nevada

13 Revised Statues Section 40.645. The purpose of this Notice is to inform you that the above-named

14 Claimants, on their own behalf and as class representatives on behalf of similarly situated

15 homeowners within the ANTHEM COUNTRY CLUB development in Henderson, Nevada, are

16 making claims against TERRAVITA HOME CONSTRUCTION COMPANY, an Arizona

17 corporation; DEL WEBB COMMUNITIES INC, an Arizona corporation; P N II, INC, a Nevada

18 corporation; and DOES 1 through 100 and ROES 1 through 100 inclusive (hereinafter

19 collectively referred to as "CONTRACTORS") for common constructional defects in the design

20 and/or construction of their residences and related appurtenances built by CONTRACTORS

21 according to the plans on file with the City of Henderson at the following plan types within the

22 development known as ANTHEM COUNTRY CLUB development in Henderson, Nevada[1]:

23

24 ///

25 ///

26 ///

27

28                        - 2 -

| PLAN TYPE | PLAN NAME | HENDERSON PERMIT NUMBER |
|---|---|---|
| **16101** | **Adagio** | **1998018329** |
| **16102** | **Andante** | **1998018330** |
| **16103** | **Allegretto** | **1998018331** |
| **16104** | **Allegro** | **1998018332** |
| **16105** | **Vivace** | **1998018333** |
| **16201** | **Pastorale** | **Not available** |
| 16202 | Toccata | 1998018335 |
| 16203 | Rhapsody | 1998018336 |
| **16204** | **Fantasia** | **1998018337** |
| 16301 | Sonata | 1988018338 |
| 16303 | Overture | 1998018340 |
| 16304 | Cadenza | 1988018341 |
| 16401 | Bel Canto | 1998018342 |
| 16403 | Cantata | 1988018344 |
| 16404 | Aria | 1998018345 |

The above-captioned deficient plans are represented by the Individual and Class

Representative Claimants as follows:

| Claimant Name | Address | Model | Model # |
|---|---|---|---|
| Ronald Weiss | 7 Anthem Creek Trail | Cantata | 16403 |
| Alvin & Kristi Dempsey | 8 Chatmoss Road | Allegretto | 16103 |
| Robert & Priscilla Jacobson | 108 Emerald Dunes | Allegretto | 16103 |
| Robert & Henri Hale | 18 Desert Highlands Dr. | Sonata | 16301 |
| James and Gloria McCarthy | 4 Ibis Court | Sonata | 16301 |
| William & Margaret Botts Family Trust | 37 Desert Highlands Dr. | Sonata | 16301 |
| Richard and Burnadette Wubbel | 39 Desert Highlands Dr. | Sonata | 16301 |
| Schneider Family Trust | 8 Brandermill | Sonata | 16301 |
| Lemonte H. McLemore | 15 Clear Crossing Trail | Sonata | 16301 |
| Dennis Obregon Trust | 24 Wade Hampton Trail | Sonata | 16301 |
| Kevin & Tammi Lush | 23 Wade Hampton Trail | Sonata | 16301 |
| Kenneth Herman | 12 Anthem Creek | Aria | 16404 |
| Robert & Gloria Gambit | 1 Knob Oak Drive | Aria | 16404 |
| Yoshimoto Family Trust | 53 Desert Highlands Drive | Overture | 16303 |
| Boyle 1985 Living Trust AMGT | 59 Desert Highlands Dr. | Overture | 16303 |
| John & Karen Gunderson | 30 Moraine Drive | Fantasia | 16204 |
| Payne Family Trust | 11 Brandermill Drive | Fantasia | 16204 |
| Baljit & Jaskiran Deol | 12 Moraine Dr. | Fantasia | 16204 |
| Richard and Suzy Erlich | 29 Moraine Drive | Rhapsody | 16203 |
| George & Michelle Anscomb | 4 Regent park Ct. | Bel Canto | 16401 |
| Mary August Trust | 4 Moraine Dr | Tocatta | 16202 |

[1] Please note the additional plans not included in the previous notice are highlighted in bold text.

- 3 -

| Larry J. Odle Trust | 32 Dry Brook Trail | Cantata | 16403 |
| David Ward Richdale Trust | 69 Fountainhead Circle | Pastorale | 16201 |
| Kathleen Gillespie & Barbara Allen | 18 Starbrook | Cantata | 16403 |
| Nina Hartwell | 9 Brandermill Drive | Fantasia | 16204 |
| Laura Macaulay | 28 Fountainhead Circle | Andante | 16102 |
| Macaulay Revolcable Trust | 68 Fountainhead Circle | Tocatta | 16202 |
| Ford Family Trust | 115 Fountainhead Circle | Rhapsody | 16203 |
| Gregory M. & Mary E. Matiya Revocable Trust | 16 Starbrook Dr. | Cantata | 16403 |

You should carefully read the Nevada Revised Statues Section 40.645 et seq., and consult an attorney to determine your specific rights and obligations

**NOTICE IS HEREBY GIVEN** that RONALD L. WEISS, ALVIN DEMPSEY, KRISTI DEMPSEY, ROBERT JACOBSON, PRISCILLA JACOBSON, ROBERT HALE, HENRI HALE, JAMES MCCARTHY, GLORIA MCCARTHY, WILLIAM & MARGARET BOTTS FAMILY TRUST, RICHARD WUBBEL, BURNADETTE WUBBEL, SCHNEIDER FAMILY TRUST, LAMONTE MCLEMORE, DENNIS OBREGON TRUST, KEVIN C. LUSH, TAMI DAYMUDE-LUSH, KENNETH HERMAN, ROBERT GAMBIT, GLORIA GAMBIT, YOSHIMOTO FAMILY TRUST, BOYLE 1985 LIVING TRUST AMGT, JOHN GUNDERSON, KAREN GUNDERSON, PAYNE FAMILY TRUST, BALJIT DEOL, JASKIRAN DEOL, RICHARD ERLICH, SUZY ERLICH, MICHELLE AND GEORGE ANSCOMB TRUST, MARY AUGUST TRUST, LARRY J. ODLE TRUST, DAVID WARD RICHDALE TRUST, BARBARA ALLEN, KATHLEEN GILLESPIE, NINA HARTWELL TRUST, LAURA MACAULAY, MARIE SUE & LAURA ANN MACAULAY REVOCABLE TRUST, FORD FAMILY TRUST, and GREGORY M. & MARY E. MATIYA REVOCABLE TRUST, , individually and/or in their individual capacities and as class representatives of similarly situated homeowners within the ANTHEM COUNTRY CLUB Development, (hereinafter collectively referred to as "THE CLAIMANTS") have claim for defects in the design and/or construction of their properties located at the ANTHEM COUNTRY CLUB Development,

- 4 -

City of Henderson, County of Clark, State of Nevada as listed above (hereinafter the "SUBJECT PROPERTIES").

Except as provided in the Nevada Revised Statues Section 40.645 et seq., and notwithstanding any other provision of law, as of the date of its mailings as reflected in the accompanying Certificate of Mailing, this Notice shall toll all statutes of limitation and/or repose on actions against all parties who may be responsible for the constructional defects, whether named in this notice or not.

I.    **PRELIMINARY LIST OF DEFECTS**

Pursuant to Nevada Revised Statues Section 40.645 et seq., with reservation to amend, modify, or add to the notice required in this provision, THE CLAIMANTS provide you with a preliminary, non-exclusive description of constructional defects for the SUBJECT PROPERTIES as follows:

- See EXHIBIT "1" attached hereto and incorporated herein by reference. This is both the preliminary and a supplemental report from Josephson Werdowatz & Associates, the structural engineer retained by THE CLAIMANTS that sets forth the expert opinion as to the cause of the common constructional defects and the nature and extent of the damage or injury resulting from the common constructional defects in compliance with NRS§ 40.645(4).  Specifically, the structural design of the homes identified in the plan types referenced above are deficient because they contain only a design for wind loading and do not include a seismic analysis of the home in violation of past and present building codes.

II.    **BUILDERS RESPONSE TO THIS NOTICE**

Any and all responses, notices or other communication from, to, or on behalf of the Claimants pursuant to Nevada Revised Statues, Section 40.645 et seq., shall be made in writing to its attorney of record Mark J. Bourassa, Esq., and Christopher W. Carson, Esq.,

- 5 -

1    of The Bourassa Law Group, LLC, 3025 W. Sahara Ave., Suite 105, Las Vegas, Nevada

2    89102.

3          Be advised that as to the named claimants you have ninety (90) days after receipt of this

4    Notice to respond. The response must be in writing and sent by certified mail. Your response

5    must address each defect in the Notice and whether you chose to repair the defect or cause the

6    defect to be repaired, and if necessary, to pay the costs of temporary housing and removal and

7    relocation of the personal contents and property of the occupants, or whether you shall pay

8    monetary compensation for each constructional defect.  If you disclaim liability, you must state

9    the reason for such a disclaimer in writing.

10         Furthermore, pursuant to NRS§ 40.6452 CONTRACTORS **may** at their sole discretion,

11   provide a disclosure of this Notice of alleged common constructional defects to each unnamed

12   owner of a residence. The disclosure must be in writing and sent by certified mail, return receipt

13   requested to the home address of each unnamed effected owner.

14

15   **III.    NOTICE TO SUBCONTRACTOR, SUPPLIER OR DESIGN PROFESSIONAL**

16         Not later than 30 days after the date on which you received this Notice, you must forward

17   a copy of the notice by certified mail, return receipt requested, to the last known address of each

18   subcontractor, supplier or design professional that you reasonably believe is responsible for a

19   defect specified in this Notice. Failure to do so can prohibit you from commencing an action

20   against the subcontractor, supplier, or design professional related to the construction defect.

21

22   ///

23   ///

24   ///

25   ///

26   ///

27

28

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 23rd day of May 2011 I served a true and correct copy

of the foregoing document entitled **SUPPLEMENTAL NOTICE TO CONTRACTOR**

**PURSUANT TO NEVADA REVISED STATUTE 40.645 ET SEQ.** via Certified United

States mail, postage prepaid and return receipt requested, addressed to the following persons:

P N II, Inc.
c/o CSC Services of Nevada (registered agent)
2215-B Renaissance Dr.
Las Vegas, NV 89119

Terravita Home Construction Co.
c/o CSC Services of Nevada (registered agent)
2215-B Renaissance Dr.
Las Vegas, NV 89119

Del Webb Communities, Inc.
c/o CSC Services of Nevada (registered agent)
2215-B Renaissance Dr.
Las Vegas, NV 89119

An employee of The Bourassa Law Group, LLC

-5-

6370 Lusk Boulevard, Suite F209
San Diego, California 92121-2753
Telephone 858-558-2181
Facsimile 858-556-2188

2110 East Flamingo Road, Suite 205
Las Vegas, Nevada 89119-5192
Telephone 702-733-6500
Facsimile 702-733-6555

6900 East Camelback Road, Suite 522
Scottsdale, Arizona 85251-2442
Telephone 480-945-5337
Facsimile 480-945-5499

JOSEPHSON
WERDOWATZ
& ASSOCIATES, INCORPORATED

May 19, 2011

Christopher W. Carson, Esq.
The Bourassa Law Group
3025 West Sahara Ave., Suite 105
Las Vegas, NV 89102

Subject: Anthem Country Club, Henderson, Nevada

Dear Mr. Carson:

This report is an update to the report dated December 7, 2010 in which the lack of a seismic design was discussed.

*Work Performed*
Subsequent to that report our office has performed a seismic analysis of a number of plan types in the 1998 to 1999 calculation date range (note that the signature date of the plan 16202 calculations was original read to be 1996 but is more likely 1999). Those homes for which this independent seismic analysis have been performed are as follows:

        Plan 16104
        Plan 16201
        Plan 16202
        Plan 16203
        Plan 16204
        Plan 16301
        Plan 16303
        Plan 16401
        Plan 16403 (previously analyzed)
        Plan 16404

*Discussion*
The requirement that all structures comply with the more restrictive of wind and seismic forces is not only code required but intuitive and has been in the building codes for a generation.

At this time it is believed that the governing code was the 1997 Uniform Building Code (UBC) but it is possible that the 1994 edition may also have governed some homes. Both codes state that: "Buildings and other structures and all portions thereof shall be designed and constructed to sustain, within the limitations specified in this code, all loads set forth in Chapter 16 and elsewhere in this code..." (1994 UBC Section 1603.1 and 1997 UBC Section 1605.1). Chapter 16 being where both wind and seismic forces are specified.

Both codes also specify that: "Structures and portions thereof shall, as a minimum, be designed and constructed to resist the effects of seismic ground motions..." (1994 UBC Section 1624.1 and 1997

*Consulting Structural Engineers*

Anthem Country Club
May 19, 2011
Page 2 of 2

UBC Section 1626.2). All subsequent codes continue to require that seismic forces be considered as a fundamental element of structure design.

Since the specified seismic design forces vary based upon the seismicity of the building location, there are large portions of the country where the code required wind forces will govern over the code required seismic forces. In those regions it is not uncommon for engineers to only perform a wind analysis. One of the locations where seismic forces do not govern residential design is the Phoenix area. The structural designer of the homes in question (those without seismic design) was Bingham Engineering of Phoenix. While the practice of not performing a seismic analysis causes no harm for homes to be located in Phoenix it is unacceptable for homes built in seismic regions such as Las Vegas. Later homes designed by Bingham Engineering (those with calculations dated in 2000 and 2001) corrected this oversight and included some seismic design.

*Conclusions*
The analysis recently performed solidified the prior opinion that the original designs were flawed due to the lack of seismic design. The result is the conclusion that a number of the as-designed shear walls are defective through either inadequate capacity, excessive height to width ratio, or inadequate overturning resistance. Other defects also include inadequate foundations (under shear walls) and lack of drag connections.

The attached summary page shows the plan types for which no seismic design was originally performed and those for which this office has performed a seismic analysis. Also attached are floor plans that outline the shear walls that are defective based upon that analysis. It is my opinion that the identified defective locations will be identical for each home built from the same design drawings.

These opinions are subject to modification should further work be conducted or new information becomes available. Please feel free to call us if you have any questions regarding this report.

Sincerely,

JOSEPHSON-WERDOWATZ & ASSOCIATES, INC.

Dan R. Werdowatz, S.E.
*Principal Structural Engineer*

Enclosure



**Anthem Country Club**
Structural Design Summary
May 19, 2011

| Plan | Permit # | Structural Engineer | Calculation Date | Seismic Calculations Originally Performed | JW&A Seismic Analysis Performed |
|---|---|---|---|---|---|
| 16101 | 1998018329 | Bingham | 5/13/1998 | No | |
| 16102 | 1998018330 | Bingham | 9/7/1999 | No | |
| 16103 | 1998018331 | Bingham | 8/3/1999 | No | |
| 16104 | 1998018332 | Bingham | 8/3/1999 | No | Yes |
| 16105 | 1998018333 | Bingham | 9/7/1999 | No | |
| 16201 | not available | Bingham | not available | unknown | Yes |
| 16202 | 1998018335 | Bingham | 8/30/1999 | No | Yes |
| 16203 | 1998018336 | Bingham | 8/27/1999 | No | Yes |
| 16204 | 1998018337 | Bingham | 8/3/1999 | No | Yes |
| 16301 | 1998018338 | Bingham | 8/20/1999 | No | Yes |
| 16303 | 1998018340 | Bingham | 8/20/1999 | No | |
| 16304 | 1998018341 | Bingham | 8/20/1999 | No | Yes |
| 16401 | 1998018342 | Bingham | 9/22/1999 | No | Yes |
| 16403 | 1998018344 | Bingham | 8/27/1999 | No | Yes |
| 16404 | 1998018345 | Bingham | 9/30/1999 | No | Yes |
| 16305 | 2000000086 | Bingham | 10/10/2001 | Yes | |
| 16306 | 2000000087 | Bingham | not available | unknown | |
| 16405 | 2000000088 | Bingham | 10/18/2001 | Yes | |
| 16205 | 2000000089 | Bingham | 5/16/2000 | Yes | |
| 16522 | 2001000005 | Borm | not available | Likely | |
| 16523 | 2001000006 | Borm | not available | Likely | |
| 16531 | 2001000063 | Borm | not available | Likely | |
| 16532 | 2001000064 | Borm | not available | Likely | |
| 16533 | 2001000065 | Borm | not available | Likely | |
| 16534 | 2001000066 | Borm | not available | Likely | |
| 16535 | 2001000067 | Borm | not available | Likely | |
| 16512 | 2001000070 | Borm | not available | Likely | |
| 16513 | 2001000071 | Borm | not available | Likely | |
| 16541 | 2001000072 | Borm | not available | Likely | |
| 16542 | 2001000073 | Borm | not available | Likely | |
| 16543 | 2001000074 | Borm | not available | Likely | |
| 16544 | 2001000075 | Borm | not available | Likely | |
| 16545 | 2001000076 | Borm | not available | Likely | |

## JOSEPHSON WERDOWATZ & ASSOCIATES, INCORPORATED

*Consulting Structural Engineers*

**PLAN 16104**

PROJECT: ANTHEM COUNTRY CLUB

PROJ. NO.: K0063-1   DATE: 5/19/11   BY: JMS

1/16"=1'-0"



## NOTES

⊕    DENOTES INADEQUATE HOLDOWN

DENOTES INADEQUATE SHEAR WALL

**FOR COST ESTIMATING PURPOSES ONLY**
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES, AND ARE NOT FOR CONSTRUCTION.



### JOSEPHSON WERDOWATZ & ASSOCIATES, INCORPORATED

Consulting Structural Engineers

**PLAN 16201**

PROJECT:  ANTHEM COUNTRY CLUB

PROJ. NO.: K0063-1  DATE:  5/19/11  BY:  JMS

1/16"=1'-0"



## NOTES

⊕  DENOTES INADEQUATE HOLDOWN

⋯  DENOTES INADEQUATE SHEAR WALL

**FOR COST ESTIMATING PURPOSES ONLY**
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.

**JOSEPHSON WERDOWATZ**
& ASSOCIATES, INCORPORATED

*Consulting Structural Engineers*

PLAN 16202

PROJECT:  ANTHEM COUNTRY CLUB

PROJ. NO.: K0063-1  DATE:  5/19/11    BY:  JMS

1/16"=1'-0"



<u>NOTES</u>

- ⊕  DENOTES INADEQUATE HOLDOWN
- ░  DENOTES INADEQUATE SHEAR WALL

**FOR COST ESTIMATING PURPOSES ONLY**
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.



**PLAN 16203**

PROJECT:  ANTHEM COUNTRY CLUB

PROJ. NO.: K0063-1  DATE: 5/19/11    BY: JMS

1/16"=1'-0"



## NOTES

⊕   DENOTES INADEQUATE HOLDOWN

- - -   DENOTES INADEQUATE SHEAR WALL

**FOR COST ESTIMATING PURPOSES ONLY**
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.



**JOSEPHSON WERDOWATZ & ASSOCIATES, INCORPORATED**

Consulting
Structural
Engineers

PLAN 16204

PROJECT:  ANTHEM COUNTRY CLUB

PROJ. NO: K0063-1  DATE: 5/19/11    BY: JMS

1/16"=1'-0"



**NOTES**

⊛   DENOTES INADEQUATE HOLDOWN

〰   DENOTES INADEQUATE SHEAR WALL

**FOR COST ESTIMATING PURPOSES ONLY.**
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.



JOSEPHSON
WERDOWATZ
& ASSOCIATES, INCORPORATED

Consulting
Structural
Engineers

PLAN 16301 – FIRST LEVEL

PROJECT: ANTHEM COUNTRY CLUB

PROJ. NO: K0063-1  DATE: 5/19/11   BY: JMS

1/16"=1'-0"



NOTES

⊛  DENOTES INADEQUATE HOLDOWN

   DENOTES INADEQUATE SHEAR WALL

FOR COST ESTIMATING PURPOSES ONLY.
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.



| PLAN 16301 — SECOND LEVEL | | |
|---|---|---|
| PROJECT: ANTHEM COUNTRY CLUB | | |
| PROJ. NO.: K0063-1  DATE: 5/18/11 | BY: JMS | 1/16"=1'-0" |

**JOSEPHSON WERDOWATZ & ASSOCIATES, INCORPORATED**
*Consulting Structural Engineers*



## NOTES

- ⊕  DENOTES INADEQUATE HOLDOWN
- DENOTES INADEQUATE SHEAR WALL

**FOR COST ESTIMATING PURPOSES ONLY**
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.



| PLAN 16301 | | |
|---|---|---|
| PROJECT: ANTHEM COUNTRY CLUB | | |
| PROJ. NO.: K0063-1 DATE: 5/19/11 | BY: JMS | |
| | | 1/16"=1'-0" |

JOSEPHSON
WERDOWATZ
& ASSOCIATES, INCORPORATED

*Consulting*
*Structural*
*Engineers*



## NOTES

⊕    DENOTES INADEQUATE HOLDOWN

    DENOTES INADEQUATE SHEAR WALL

**FOR COST ESTIMATING PURPOSES ONLY**
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.

PLAN 16303

## JOSEPHSON WERDOWATZ & ASSOCIATES, INCORPORATED.

*Consulting Structural Engineers*

PROJECT: ANTHEM COUNTRY CLUB

PROJ. NO.: K0063-1  DATE: 5/19/11  BY: JMS

1/16"=1'-0"



## NOTES

⊛  DENOTES INADEQUATE HOLDOWN

........  DENOTES INADEQUATE SHEAR WALL

FOR COST ESTIMATING PURPOSES ONLY
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.

PLAN 16401

PROJECT:  ANTHEM COUNTRY CLUB

JOSEPHSON
WERDOWATZ
& ASSOCIATES, INCORPORATED

Consulting
Structural
Engineers

PROJ. NO.:  K0063-1  DATE:  5/19/11    BY:  JMS

1/16"=1'-0"



NOTES

⊕    DENOTES INADEQUATE HOLDOWN

    DENOTES INADEQUATE SHEAR WALL

FOR COST ESTIMATING PURPOSES ONLY
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.



JOSEPHSON
WERDOWATZ
& ASSOCIATES, INCORPORATED

Consulting
Structural
Engineers

PLAN 16403

PROJECT: ANTHEM COUNTRY CLUB

PROJ. NO.: K0063-1  DATE: 5/19/11   BY: JMS

1/16"=1'-0"



## NOTES

⊕   DENOTES INADEQUATE HOLDDOWN

∴∴∴∴   DENOTES INADEQUATE SHEAR WALL

FOR COST ESTIMATING PURPOSES ONLY
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.



| PLAN 16404 | | |
|---|---|---|
| PROJECT: ANTHEM COUNTRY CLUB | | |
| PROJ. NO.: K0063-1 | DATE: 5/19/11 | BY: JMS |
| | | 1/16"=1'-0" |

JOSEPHSON
WERDOWATZ
& ASSOCIATES, INCORPORATED

*Consulting Structural Engineers*



## NOTES

⊕    DENOTES INADEQUATE HOLDOWN

DENOTES INADEQUATE SHEAR WALL

<u>FOR COST ESTIMATING PURPOSES ONLY</u>
THESE DRAWINGS WERE PREPARED FOR COST ESTIMATING
PURPOSES AND ARE NOT FOR CONSTRUCTION.

EXHIBIT 2



KOELLER | NEBEKER | CARLSON | HALUCK LLP

Keith D. Koeller †
William A. Nebeker * *
Robert C. Carlson ††
William L. Haluck †
Joseph J. Cullen ††
Lynn M. Bouslog (1953-1997)
Edward W. Schmitt †
Megan K. Dorsey ††
Mark D. Newcomb †
Anna T. Amundson ††
Robert A. Fisher II †
Martha J. Dorsey ††
Erik R. Musurlian †
Jerome R. Satran †
Jay M. Bulger ††
Gary L. Hoffman †
Sharon A. Huerta †
Rachel C. Nies * *
Jason W. Williams ††
Zahnie L. Soe Myint *
Jeffrey M. McConnell †
John P. Donovan †
Judith A. Downs * *
Troy G. Allen *
Ian P. Cilan
Jennifer A. Salem
Maria K. Piese †
Valerie Edwards *
Tracy L. Hughes †
John C. Pytel ††
Christopher J. Grossi †
Michael J. Logan
John H. Cline
Laura D. Cason †
Fort A. Zackary, Jr. †
Karl J. Gruse *
Christopher D. Graham *
Marcus D. Tappe *
Kamran A. Khawar †
Richard G. Somes †
Melissa J. England *
Mark F. Roach
Megan Mahoney
Michael P. Zech †
Jennifer A. Welner †
Petra N. Ambrose
Stephanie L. Young ††
James M. O'Brien * *
Bonnie J. Bennett †
Andrew C. Green
Sarah P. Long ††
Stephen C. Ubl †
Alicia A. Hagerman
Andre C. Robin †
Ashley N. Coleman †
Richard D. Young
Cody S. Mounteer
Sarah J. Bean
Douglas C. Koeller †
Scott A. Davis †
Lisa I. Streu *
Shawn C. Loorz †
Ryan T. Antés †
Joshua M. Kimura †
Kathy McCarthy
David W. Degnan †
Phillip Chan †
L. Michael Miley †
Cassandra S. Cummings

Director Of Administration
W. Dale Langley

Director Of Client Relations
Marcia A. Cullen

Licensed To Practice In
* Arizona
† California
* California & Arizona
†† California & Nevada

## FACSIMILE TRANSMISSION

DATE:          January 13, 2011

FROM:         Tracy Mabe, Legal Secretary for Megan Mahoney, Esq.

TO:            Christopher W. Carson, Esq., THE BOURASSA LAW GROUP, LLC

FAX NO.:      (702) 851-2189

RE:            *Weiss v. Terravita Home Construction Co., et. al.*

DOCUMENTS:         Correspondence

MESSAGE:

NO. OF PAGES:     2, inc. cover sheet

THE PAGES COMPRISING THIS FACSIMILE CONTAIN CONFIDENTIAL INFORMATION FROM
KOELLER, NEBEKER, CARLSON & HALUCK, LLP. THIS INFORMATION IS INTENDED SOLELY FOR
THE USE BY THE INDIVIDUAL OR ENTITY NAMED AS THE RECIPIENT HEREOF. IF YOU ARE NOT
THE INTENDED RECIPIENT, BE ADVISED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR
USE OF THE CONTENTS OF THIS TRANSMISSION IS PROHIBITED. IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE. THANK YOU.

300 SOUTH 4TH STREET SUITE 500 LAS VEGAS, NV 89101 TEL 702.853.5500 FAX 702.853.5599 WEB WWW.KNCHLAW.COM
IRVINE | SAN DIEGO | PHOENIX | SACRAMENTO | LAS VEGAS



KOELLER | NEBEKER | CARLSON | HALUCK LLP

Keith D. Koeller †
William A. Nebeker **
Robert C. Carlson ††
William L. Haluck †
Joseph J. Cullen †
Lynn M. Bouslog (1953-1997)
Edward W. Schmidt †
Megan K. Dorsey †
Mark D. Newcomb ††
Anna T. Amundson ††
Robert A. Fisher II †
Martha J. Dorsey ††
Erik R. Musurlian †
Jerome R. Satran †
Jay M. Bulger ††
Gary L. Hoffman †
Sharon A. Huerta †
Rachel C. Nies **
Jason W. Williams ††
Zahnie L. Soe Myint *
Jeffrey M. McConnell †
John P. Donovan †
Judith A. Downs *
Troy G. Allen *
Ian P. Gillan †
Jennifer A. Salem
Maria K. Plese †
Valerie Edwards †
Tracy L. Hughes †
John C. Pytel ††
Christopher J. Grossi †
Michael J. Logan
John H. Cline *
Laura D. Cason †
Fern A. Zackary, Jr. †
Karl J. Cruse *
Christopher D. Graham *
Marcus D. Tappe *
Kamran A. Khawar †
Richard G. Somes *
Melissa J. England *
Mark F. Roach
Megan Mahoney
Michael P. Zech †
Jennifer A. Weiner †
Petra M. Ambrose
Stephanie L. Young ††
James M. O'Brien *
Bonnie L. Bennett †
Andrew C. Green
Sarah P. Long ††
Stephen C. Ubl †
Alicia A. Hagerman
Andre C. Robin †
Ashley N. Coleman †
Richard D. Young
Cody S. Mounteer
Sarah J. Bean
Douglas C. Koeller †
Scott A. Davis †
Lisa I. Streu †
Shawn C. Loorz †
Ryan T. Antes †
Joshua M. Kimura †
Kathy McCarthy
David W. Degnan *
Phillip Chan †
L. Michael Miley †
Cassandra S. Cummings

Director Of Administration
W. Dale Langley

Director Of Client Relations
Marcia A. Cullen

Licensed To Practice In
  † Arizona
  * California
 ** California & Arizona
 †† California & Nevada

January 13, 2011

**VIA FACSIMILE AND US MAIL**

Christopher W. Carson, Esq.
The Bourassa Law Group, LLC
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102

Re:          Weiss v. Terravita Home Construction Co., et. al.
Your clients:   Ronald L. Weiss, *individually and as a class representative on behalf of similarly situated homeowners within the Anthem Country Club Development*

Dear Mr. Carson:

Our office has been retained to represent Del Webb Communities, Inc., PN II, Inc. and Terravita Home Construction Company (collectively referred to herein as "Del Webb") in the above-captioned matter. By way of this correspondence, Del Webb submits its formal objection to the legal sufficiency of the purported "Notice of Common Constructional Defects pursuant to NRS §40.645(4)" ("Notice"), sent via certified mail on or around December 8, 2010. Ronald L. Weiss ("Weiss"), as Plaintiff in the on-going lawsuit captioned, "*Ronald L. Weiss v. Terravita et. al.*," Case No. 09-605863, may not "split" and maintain separate actions arising out of the same alleged construction defects at Mr. Weiss' home[1], and further, is clearly foreclosed from pursuing the relief he is now seeking by way of the recent Notice.

Accordingly, Del Webb requests your office provide a formal written retraction and withdrawal of the Notice by close of business January 20, 2011. Nothing in this correspondence shall be construed to waive Del Webb's rights as allowed by NRS 40.600 et. seq.

Thank you for your attention to this matter.

Sincerely,

Koeller, Nebeker, Carlson & Haluck, LLP

Megan Mahoney, Esq.
megan.mahoney@knchlaw.com

MM/tm

[1] See, *Reno Club, Inc. v. Harrah et. al.*, 70 Nev. 125, 260 P.2d 304 (1953).
87212



KOELLER | NEBEKER | CARLSON | HALUCK LLP  RECEIVED

MAR 07 2011

March 4, 2011

Keith D. Koeller †
William A. Nebeker **
Robert C. Carlson ††
William L. Haluck †
Joseph J. Cuffen ††
Lynn M. Bousloq (1953-1997)
Edward W. Schmitt †
Megan K. Dorsey ††
Mark D. Newcomb †
Robert A. Fisher II †
Martha J. Dorsey ††
Erik R. Musurlian †
Jerome R. Satran †
Jay M. Bulger ††
Gary L. Hoffman †
Sharon A. Huerta †
Rachel C. Nies **
Jason W. Williams ††
Zahnie L. Soe Myint *
Jeffrey M. McConnell †
John P. Donovan †
Judith A. Downs *
Troy G. Allen †
Ian P. Gillan
Jennifer A. Salem †
Maria K. Pfeke †
Valerie Edwards †
Tracy L. Hughes †
John C. Pytel ††
Christopher J. Grossi †
Michael J. Logan †
John H. Cline *
John R. Haluck †
Laura D. Cason †
Rick E. Snyder †
Fort A. Zackary, Jr. †
Karl J. Cruse *
Christopher D. Graham †
Marcus D. Tappe †
Kamran A. Khawar †
Richard G. Somes †
Melissa J. England *
Mark F. Roach †
Megan Mahoney
Michael P. Zech †
Jennifer A. Weiner †
Stephanie L. Young ††
James M. O'Brien *
Bonnie J. Bennett †
Andrew C. Green †
Sarah P. Long ††
Stephen C. Osi †
Alicia A. Hagerman
Andre C. Robin †
Ashley N. Coleman †
Richard D. Young
Cody S. Mounteer
Sarah J. Bean †
Douglas C. Koeller †
Scott A. Davis †
Lisa L. Streu *
Shawn C. Loorz †
Ryan T. Autes †
Joshua M. Kimura †
Kathy McCarthy
David W. Degnan †
Phillip Chan †
David M. Gould
Cassandra S. Cummings
Sarah M. Chavez
Matthew J. Joeris †

Of Counsel
Dennis K. Wheeler †

Director Of Administration
W. Dale Langley

Director Of Client Relations
Marsha A. Cuffen *

Licensed To Practice In:
* Arizona
† California
†† California & Arizona

Christopher W. Carson, Esq.
The Bourassa Law Group, LLC
3025 W. Sahara Ave. #105
Las Vegas, Nevada 89102

VIA CERTIFIED MAIL
RETURN RECEIPT
REQUESTED

Re:     Ronald L. Weiss, *individually and as a class representative on behalf of similarly situated homeowners within the Anthem Country Club Development*
        *NRS Chapter 40 Response*

Dear Mr. Carson:

   Our office has been retained to represent Del Webb Communities, Inc., PN II, Inc. and Terravita Home Construction Company (collectively referred to herein as "Del Webb") in the above-captioned matter.

   Pursuant to NRS 40.6472, please allow this to serve as Del Webb's response to the "Notice of Common Constructional Defects pursuant to NRS § 40.645 (4)" ("Notice") as identified above. Del Webb provides this response in full and timely compliance with the provisions of NRS 40.600 *et seq.*

   Del Webb objects to the legal and procedural sufficiency of said Notice because Ronald L. Weiss ("Weiss"), as Plaintiff in the on-going lawsuit captioned, "*Ronald L. Weiss v. Terravita et. al.*", Case No. 09-605863, may not "split" and maintain separate actions arising out of the same alleged construction defects at Mr. Weiss' home[1], and further, is clearly foreclosed from pursuing the relief he is now seeking by way of the recent Notice. Del Webb asserts the Notice is legally and procedurally deficient.

   Notwithstanding said objections, this letter provides Del Webb's response to the Notice. As the Notice is deficient, Del Webb hereby disclaims liability. This disclaiming of liability shall not be construed as a waiver of any objections, defenses or rights.

---

[1] See, *Reno Club, Inc. v. Harrah et. al.*, 70 Nev. 125, 260 P.2d 304 (1953).
91945

Christopher W. Carson, Esq.
Re: *Weiss v. Terravita*
March 4, 2011
Page 2

Thank you for your attention to this matter.

Sincerely,

Koeller, Nebeker, Carlson & Haluck, LLP

Megan Mahoney, Esq.
megan.mahoney@knchlaw.com

MM/tn