1

2

3

4                              UNITED STATES DISTRICT COURT

5                                    DISTRICT OF NEVADA

6                                            * * *

7    RONALD WEISS, et al.,                       Case No. 2:13-cv-000513-MMD-PAL

8                             Plaintiffs,                   ORDER

9         v.                                     (Plfs.' Motion to Remand – dkt. no. 10;
                                                 Third-Party Defs.' Motion to Remand
10   DEL WEBB COMMUNITIES, INC., et al.,              – dkt. no. 13;
                                                 Third-Party Defs.' Motion to Amend
                              Defendants.             – dkt. no. 14)
11
     _____
     TERRAVITA HOME CONSTRUCT CO.,
12   an Arizona corporation,

13                          Third-Party Plaintiff,

14        v.

15   CREATIVE TOUCH INTERIORS, INC.,
     et al.
16
                        Third-Party Defendants.
     _____
17

18   **I.      SUMMARY**

19        Before the Court are Plaintiffs' and Third-Party Defendants' Motions to Remand

20   (dkt. nos. 10, 13) as well as Third-Party Defendants' Motion to Amend (dkt. no. 14). For

21   the reasons set forth below, Plaintiffs' Motion is granted, and Third-Party Defendants'

22   Motions are denied as moot.

23   **II.     BACKGROUND**

24        This is a construction defect class action brought by a class of single-family home

25   owners against Defendants Del Webb Communities, Inc., Terravita Home Construction

26   Company, and PN II, Inc. (*See* First Amended Compl. ("FAC"), dkt. no. 1-1.)  Plaintiffs

27   are the owners of more than 800 single family homes located in the Anthem Country

28   Club Subdivision of Henderson, Nevada. The homes were built and sold by Terravita, a

1    subsidiary of Del Webb Communities, both of which are purportedly owned by PN II.

2    (*See* Small Decl., dkt. no. 10-1 at 20–21.)

3        Plaintiffs filed their First Amended Complaint on June 23, 2011, in the Eighth

4    Judicial District Court of Clark County, Nevada, alleging nine causes of action arising out

5    of construction defects in their homes. (*See* FAC at ¶¶ 28–94.) Plaintiffs alleged the

6    existence of anywhere from 500 to 900 homes owned by prospective class plaintiffs.

7    (FAC at ¶ 3(b).)  On September 23, 2011, Plaintiffs produced an expert report estimating

8    their costs of repairs to be at a minimum of $13,955,500. (*See* dkt. no. 1, exh. 3 at ¶¶ 5–

9    6.)

10        On October 4, 2011, Plaintiffs sought class certification for their lawsuit. (*See* dkt.

11    no. 10, exh. 4.) The state court granted Plaintiffs' motion by minute order on December

12    15, 2011, and in a final order granting class certification dated January 31, 2012. (Dkt.

13    no. 10, exh. 7.)  Defendants subsequently sought a stay of litigation before the state trial

14    court pending the outcome of a petition for writ of mandamus they intended to file with

15    the Nevada Supreme Court, which the trial court granted.  (Dkt. no. 44, exh. F.) On

16    March 26, 2012, Defendants petitioned the Nevada Supreme Court for review of the trial

17    court's grant of class certification (dkt. no. 10, exh. 10), which the Court denied on

18    February 13, 2013 (dkt. no. 10, exh. 11). Defendants then removed on March 25, 2013,

19    to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

20    (Dkt. no. 1.) Notwithstanding the lengthy delay between the suit's filing to the Nevada

21    Supreme Court's ruling, Defendants claimed that removal was timely, since on March

22    25, 2013, the state court lifted the stay of the litigation. (*See* dkt. no. 8 at ¶ 4.)

23        Plaintiffs now move to remand the case, arguing that Defendants' removal is

24    untimely and, in any event, that CAFA's local controversy exception precludes the

25    Court's exercise of jurisdiction over this case. (*See* dkt. no. 10.) Third-party Defendants

26    Sunrise Mechanical, Inc. and Glass Block Window Co., LLC also moved to remand the

27    case. (*See* dkt. nos. 13, 14.) Plaintiffs filed their Motion to Remand on April 9, 2013, and

28    Third-party Defendants filed theirs on April 17, 2013.

1    On April 18, 2013, Defendants filed a Motion for Summary Judgment arguing that

2    Plaintiffs' action is time-barred. (Dkt. no. 15.)

3    **III.    LEGAL STANDARD**

4    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction

5    only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2,

6    cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit

7    filed in state court may be removed to federal court if the federal court would have had

8    original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe

9    the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be

10   rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v.*

11   *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking

12   removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin*

13   *Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

14   To establish subject matter jurisdiction pursuant to diversity of citizenship, the

15   party asserting jurisdiction must show: (1) complete diversity of citizenship among

16   opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C.

17   § 1332(a).  Where a defendant removes a plaintiff's state action on the basis of diversity

18   jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the

19   plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a

20   preponderance of the evidence, that the amount in controversy meets the jurisdictional

21   limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what

22   evidence may be considered under (2) above, the Ninth Circuit has adopted the

23   "practice of considering facts presented in the removal petition as well as any 'summary-

24   judgement-type evidence relevant to the amount in controversy at the time of removal.'"

25   *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)

26   (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

27   For jurisdictional purposes, the amount in controversy is determined by the amount at

28   stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659,

1  662 (9th Cir. 2005). In determining the amount in controversy, a district court may

2  consider the amount of compensatory and punitive damages recoverable based on the

3  plaintiff's complaint as well as attorneys' fees, but may not consider interest and cost of

4  suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (*citing Hunt v. Wash.*

5  *State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

6      In addition to diversity jurisdiction, the Class Action Fairness Act ("CAFA"), 28

7  U.S.C. § 1332(d), vests a district court with "original jurisdiction of any civil action in

8  which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

9  interest and costs, and is a class action in which" the parties satisfy, among other

10  requirements, minimal diversity. 28 U.S.C. § 1332(d)(2). CAFA's grant of jurisdiction

11  does not extend, however, to a class action in which

12      (I) greater than two-thirds of the members of all proposed plaintiff classes
    in the aggregate are citizens of the State in which the action was originally
13      filed;

14      (II) at least 1 defendant is a defendant —

15          (aa) from whom significant relief is sought by members of the
        plaintiff class;
16

17          (bb) whose alleged conduct forms a significant basis for the claims
        asserted by the proposed plaintiff class; and

18          (cc) who is a citizen of the State in which the action was originally
        filed; and
19

20      (III) principal injuries resulting from the alleged conduct or any related
    conduct of each defendant were incurred in the State in which the action
    was originally filed;
21

22  28 U.S.C.A. § 1332(d)(4)(A)(i). "A plaintiff seeking remand has the burden of showing

23  that the local controversy exception applies." *Coleman v. Estes Exp. Lines, Inc.*, 631

24  F.3d 1010, 1013 (9th Cir. 2011).

25  **IV.    DISCUSSION**

26      **A.    Timeliness**

27      Plaintiffs' primary argument in support of remand relates to the timeliness of

28  Defendants' removal. Specifically, the parties dispute whether 28 U.S.C. § 1446(b)(3)

4

1   barred Defendants from removing this action on March 25, 2013. Subsection (b)(3)

2   provides that "if the case stated by the initial pleading is not removable, a notice of

3   removal may be filed within 30 days after receipt by the defendant, through service or

4   otherwise, of a copy of an *amended pleading, motion, order or other paper* from which it

5   may first be ascertained that the case is one which is or has become removable." 28

6   U.S.C. § 1446(b)(3) (emphasis added). A defendant's failure to comply with this

7   subsection constitutes waiver of the removal right. *See Cantrell v. Great Republic Ins.*

8   *Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989).

9           Defendants' removal here was untimely. Defendants argue that although they

10   received notice of the class action claim long before they removed, Nevada's

11   presumption against the validity of a class action in a single-family home construction

12   defect class action rendered the viability of Plaintiffs' class action uncertain. Only until

13   the failure of their appeal conclusively determined that Plaintiffs' class certification was

14   valid did the clock begin ticking for removal. This argument is flawed.

15           First, the ultimate existence of facts or allegations necessary to support removal

16   does not need to be conclusively determined before § 1446's clock begins running. Just

17   like a settlement demand that exceeds the amount-in-controversy requirement need not

18   be vindicated by a later court judgment that awards a plaintiff that same amount, so, too,

19   does certification of a class action need not be conclusively determined before CAFA's

20   timing requirement commences. Whether or not Plaintiffs would eventually succeed in

21   certifying their claim on appeal had no bearing on whether the case "is one which is or

22   has become removable."  *See* 28 U.S.C. § 1446(b)(3). The language of CAFA supports

23   this reading, since it applies "to any class action *before* or after the entry of a class

24   certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8)

25   (emphasis added).

26           Second, that the state trial court stayed the proceeding pending Defendants'

27   petition for a writ of mandamus is irrelevant to whether Defendants could have removed

28   the action to this Court. The stay only halted action in the trial court, and did not prohibit

the parties from filing any other papers elsewhere. *See Value Recovery Grp., Inc. v. Hourani*, 115 F. Supp. 2d 761, 767 (S.D. Tex. 2000) (holding that state appellate court's stay imposed pending outcome of writ of mandamus did not toll the time period for which defendant could remove to federal court). Indeed, Defendants themselves sought the stay before the state trial court, and now attempt to use the existence of that stay as justification for their untimely removal. The existence of a stay *in the state court* did not prevent their filing of a removal petition in federal court. As explained above, class certification need not have become final in order to determine from the face of Plaintiffs' allegations and expert reports that the case was removable — let alone from the state court's decision to certify the class. *See Coll. Of Dental Surgeons Of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 40 (1st Cir. 2009) (holding that because "[a] complaint that contains class-type allegations historically has been assumed to assert a class action before formal class certification," removal is proper before certification so long as the "complaint plausibly alleges claims for class-wide relief"). It follows that jurisdiction under CAFA may be apparent before class certification sufficient to trigger the thirty-day removal period. Accordingly, Defendants must have removed this action at least as early as 30 days from the January 31, 2012, final order certifying Plaintiffs' class. Even from the most generous date of February 13, 2013 — when Plaintiffs' class certification was conclusively upheld by the Nevada Supreme Court — Defendants' removal is defective.

Third, sound policy favors refusing to exercise jurisdiction here. As the parties are well aware, "removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing, LP,* 533 F.3d 1031, 1034 (9th Cir. 2008). "When a state court complaint is filed that does not facially *preclude* removal, the defendant has a duty to inquire about removability." *Weaver v. Miller Elec. Mfg. Co., Inc.*, 616 F. Supp. 683, 686 (S.D. Ala. 1985). Otherwise, this Court would be sanctioning deliberate forum-shopping by allowing Defendants the benefit of delaying removal while gambling for a state court victory. *See Value Recovery Grp., Inc.*, 115 F. Supp. 2d at 767

1  (characterizing defendants' conduct as forum-shopping when they waited for appellate

2  court's decision on their writ of mandamus before subsequently removing following an

3  unfavorable decision). Defendants had the option of challenging class action certification

4  in this Court, had they wanted to. They now seek the benefit of both fora  without the risk

5  of either. This is not allowed.

6        Regardless of the ultimate merits of Plaintiffs' case, Defendants' right to remove

7  the action to this Court ceased long before the Nevada Supreme Court denied their

8  petition. Accordingly, removal here was untimely.

9        **B.    Attorneys' Fees**

10       Plaintiffs request an award of fees and costs associated with bringing their Motion

11  to Remand. The Court recognizes that CAFA's jurisdictional requirements are a

12  developing area of law, and Defendants' arguments are not objectively without merit.

13  Although this Court determines that their position is ultimately incorrect, it will not go so

14  far as to punish them for a plausible, if flawed, interpretation of the law. Plaintiffs' request

15  is denied.

16  **V.    CONCLUSION**

17       Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (dkt. no.

18  10) is GRANTED.

19       IT IS FURTHER ORDERED that Third-Party Defendants' Motion to Remand (dkt.

20  no. 13) and Motion to Amend (dkt. no. 14) are DENIED as moot.

21       The Clerk is instructed to remand this case to state court.

22       DATED THIS 28th day of June 2013.

23

24  _____

25  MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

26

27

28

7